Brandon McDonald, Esq.
brandon@mcdonaldlawyers.com
Nevada Bar No. 11206
**MCDONALD LAW OFFICES, PLLC**
2505 Anthem Village Parkway, E-474
Henderson, Nevada 89052
Telephone:  (702) 385-7411
Facsimile:   (702) 992-0569

Attorneys for Sundance Media Group, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUNDANCE MEDIA GROUP, LLC,<br><br>                    Plaintiff,<br>vs.<br><br>YUNEEC USA, INC., Does I through X and Roe Corporations I through X Inclusive,<br><br>                    Defendants. | CASE NO. |

**COMPLAINT**

Plaintiff, Sundance Media Group, LLC ("Plaintiff," or "SMG'), brings this complaint in the United States District Court for the District of Nevada against Yuneec USA, Inc. ("Yuneec" or "Defendant"), alleging as follows:

**NATURE OF THE CASE**

1. SMG is a Nevada company that produces, among other things, photography and video using drones. SMG retains copyright to its photographs and owns all rights in its photographic works, including the right to reproduce the works and to publicly display and distribute them.

2. Yuneec is a privately-owned subsidiary of Yuneec International. Founded in Hong Kong in 1999, Yuneec International is the world leader in electric aviation. Yuneec's core technologies

1  power its manned aircraft as well as its drones and its line of radio-controlled aircraft for the
2  hobby market.
3  3.    SMG, with an interest in developing a relationship with Yuneec that would benefit both
4  parties, initially permitted limited use of two of its images, with the understanding that a formal
5  agreement would be entered into between the parties to permit Yuneec to use more of SMG's
6  images in exchange for payment. The relationship between SMG and Yuneec deteriorated in late
7  2017 after a change in Yuneec's management, and SMG became aware that members of the new
8  management team did not hold a positive view of SMG.
9  4.    SMG continued to seek formalization of an agreement with Yuneec for use of its images.
10 Meanwhile, Yuneec continued to use more and more of SMG's images without permission or
11 authorization, and upon information and belief, provided these images to Yuneec's sister
12 companies, distributors and retailers to be used in promotion of its drones.
13 5.    To date, Yuneec has copied, displayed and distributed approximately 35 of SMG's
14 photographs (the "Photographs") on its own website at commercial.yuneec.com and to other
15 Yuneec distributors and retailers in the United States and around the world. See Exhibit 1.
16 6.    The copyright to SMG's photographs has been registered with the United States
17 Copyright Office, under Registration Number VAu 1-301-707. The effective date of registration
18 is January 18, 2018. The author listed on the registration is Jennifer Pidgen, SMG's managing
19 member.
20 7.    SMG has sent requests to Yuneec to pay for its use of the images or to take them down.
21 8.    Yuneec has failed to make any compensation to SMG for its use of SMG's copyrighted
22 images and has failed to remove the images from its sites and other marketing materials, despite
23 SMG's requests.
24 9.    Yuneec's infringement of SMG's copyrights is willful and intentional.
25 10.   By this action, SMG seeks compensatory, statutory and punitive damages for copyright
26 infringement by the Defendant.
27
28

**PARTIES**

11. Sundance Media Group, LLC is a limited liability company registered in Nevada. Based in Las Vegas, Nevada, SMG produces training for trade events, public safety organizations, and private individuals. Instructors from SMG have taught, presented workshops and have participated in panels worldwide. Over the years, SMG's area of focus has been audio, video and software applications for production and post-production. SMG has begun to focus more on producing videos and photography utilizing unmanned aerial vehicles (UAV or "drones"). SMG also trains individuals and companies on how to use drones in their businesses.

12. On information and belief, Yuneec USA, Inc. is a California corporation with a principal place of business in Corona, California.

13. On information and belief, Yuneec USA is responsible for all aspects of Yuneec International's business in the United States.

14. The true names and capacities whether individual, corporate, associate or otherwise, of the Defendants herein designated as DOES and/or ROES are unknown to Plaintiff at this time who therefore sues said Defendants by fictitious names. Plaintiff alleges that each named Defendant herein designated as DOES and/or ROES is negligently, willfully, contractually, or otherwise legally responsible for the events and happenings herein referred to and proximately caused damages to Plaintiff as herein alleged. Plaintiff will seek leave of Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been ascertained and will further seek to leave to join said Defendants in these proceedings.

**JURISDICTION AND VENUE**

15. This Court has personal jurisdiction over Defendant Yuneec by virtue of its transacting, doing, and soliciting business in the District of Nevada and/or control of one or more interactive websites aimed at residents of Nevada, and by engaging in commercial practices in the District of Nevada.

16. This case arises under the Copyright Act, 17 U.S.C. § 101 et seq.

17. This court has subject matter jurisdiction to pursuant to 28 U.S.C. §§ 1331 and 1338.

18. Venue in this District is proper under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a).

**Factual Allegations Related to All Claims**

19. SMG's managing member, Jennifer Pidgen, is an experienced photographer, especially in the growing field of UAV photography. SMG often uses Yuneec's drones in its production of photographs and videos for commercial use. SMG also trains individuals and companies on how to use Yuneec's products to create their own media. SMG operates the website www.sundancemediagroup.com.

20. In April of 2017, Yuneec approached Ms. Pidgen about using her images for a commercial website to promote its products for AUVSI 2017, which is a trade show for unmanned systems and robotics. SMG permitted Yuneec to use two of SMG's images, with the promise that a formal agreement would be executed for use of the images in exchange for payment or other consideration.

21. The Senior Vice President of Sales, Dave Morris, brought forth the idea of a reciprocal relationship where SMG would be named a preferred training vendor of Yuneec once the product was launched.

22. With the understanding that SMG would be given the consideration of being named a preferred training vendor of Yuneec, SMG offered to license its images to Yuneec for use and asked that it be given attribution for the photos.

23. SMG gave this informal license to Yuneec in a series of e-mails with Michael Kahn who was the CEO of Yuneec USA at the time, and Mr. Kahn offered to figure a way to acknowledge SMG support as an agency to help SMG as well. This was the type of arrangement that SMG was looking for with Yuneec because it was clear that the relationship could benefit both parties.

24. On or about June 21, 2017, Jennifer Pidgen and Michael Kahn had a phone call during which they discussed the details of the image rights agreement. It was agreed that the consideration for use of the images was that SMG would be named as a preferred training vendor, a formal agreement detailing usage would be entered into, and a small fee (in the form of cash or product) would be paid to SMG. Mr. Kahn stated that Frank DeMartin, Yuneec's VP of Marketing, would be in touch with the formal agreement soon.

25. However, a formal agreement was never sent, no consideration was ever paid, and the relationship between the two parties began to deteriorate.

26. In June, SMG worked with Yuneec to produce a video for its new H520 drone, and problems began to develop between the parties with regard to Yuneec's expectations of ownership of the media. For instance, Yuneec expected to own all images and raw video produced by SMG, even though they had not entered into a "work-for-hire" agreement.

27. The parties entered into detailed discussions regarding rights for the images and video being produced for the job. Yuneec maintained the position that because a Yuneec employee was involved in the production of the images and video, they were therefore property of Yuneec.

28. The employee, Douglas Spotted Eagle explained to Yuneec that the images and video were produced and captured during his off-hours and not in his capacity as an employee of Yuneec, and that the images were taken by Jennifer Pidgen, not him.

29. Jennifer Pidgen denied that the images and video were property of Yuneec and maintained that as the author of the images and video, and due to the fact that Yuneec had not contracted with SMG on a "work-for-hire" agreement, SMG was the owner of the media.

30. In August of 2017, Michael Kahn resigned from his position as CEO of Yuneec USA.

31. Shortly thereafter, Yuneec's commercial website went live in anticipation of the launch of its H520 drone. SMG images were used throughout the website with no mention or attribution to SMG, even though that had been requested by SMG as a condition of their use. SMG also became aware of Yuneec's dealer websites using SMG images without attribution.

32. At the end of September, Dave Morris was laid off from his position of Sr. VP of Sales and Frank DeMartin was named as his successor.

33. By November of 2017, SMG became aware of rumors that Yuneec was negotiating with other training companies to become training vendors, in spite of Yuneec's representation that SMG would receiving preferred training vendor status.

34. SMG also became aware of some disparaging remarks regarding SMG that had been made by Frank DeMartin.

1  35.  On December 12, 2017, Ms. Pidgen sent an e-mail on behalf of SMG to Yuneec with an Image Rights Agreement and invoice for the images that Yuneec was using at that time for which SMG had not received consideration. Yuneec was given 15 business days to pay for its use of the images, negotiate an alternative agreement, or take the images down. SMG gave Yuneec until January 4, 2018 to open negotiations.

36.  By January 4, 2018, no response had been received from Yuneec, so SMG sent a Cease & Desist letter to Yuneec asking that it cease all use of SMG's images.

37.  Yuneec has been on notice that it does not have license or authority to publish, use or distribute SMG's images as of January 5, 2018.  Since then, Yuneec has failed to remove SMG's images from its sites and the sites of the related entities to which Yuneec distributed the images. Yuneec has intentionally and/or negligently copied, and publicly distributed and/or publicly displayed the infringed Photographs by enabling them to appear on its publicly accessible website commercial.yuneec.com and distributed them to other related entities.

38.  At all relevant times, SMG was and is the sole owner of all exclusive rights to the infringed Photographs and has registered its copyright in the subject images with the United States Copyright Department.

39.  After SMG's demand, Yuneec continues to maintain the infringed photographs on its website and continues to refuse to remit any payment as demanded by SMG.

40.  Plaintiff has attempted in good faith to resolve this dispute with Yuneec without success.

## COUNT I

**Direct Copyright Infringement and Related Claims Pursuant to 17 U.S.C. § 101 et seq.**

41.  Plaintiff realleges and incorporates herein the allegations in Paragraphs 1-39 inclusive.

42.  By its actions alleged in this Complaint, Defendant has directly infringed SMG's copyrights in and relating to the Photographs.

43.  Defendant has reproduced the Photographs, displayed them publicly, and distributed on an unlimited and unrestricted basis without permission, all in violation of 17 U.S.C. § 106.

44.  Plaintiff is further entitled to recover from the Defendant the damages it has sustained and will sustain, and any gains, profits and advantages obtained by the Defendant as a result of the

1  Defendant's willful acts of infringement alleged in this Complaint, or in the alternative statutory
2  damages, as well as attorney's fees, and including but not limited to such damages and awards as
3  are available under 17. U.S.C. § 504-505.

4  45.    Plaintiff has no adequate remedy at law.

## COUNT II

**Contributory Copyright Infringement and Related Claims Pursuant to 17 U.S.C. § 101 et seq.**

46.    Plaintiff realleges and incorporates herein the allegations in Paragraphs 1-44, inclusive.

47.    Defendant's conduct, as alleged in this Complaint, constitutes contributory infringement of SMG's copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. § 501.

48.    Defendant directly encouraged, facilitated, and/or induced the unauthorized reproduction, adaptation, distribution, and public display of SMG's works by others; thus, Defendant is contributorily liable for SMG's damages resulting from same.

49.    Plaintiff is entitled to recover from the Defendant the damages it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of the

50.    Defendant's contributory infringements alleged in this Complaint, or in the alternative statutory damages, as well as attorney's fees, and including but not limited to such damages and awards as are available under 17. U.S.C. § 504-505.

51.    Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A.    Ordering an accounting of all revenue received by the Defendant as a result of its unlawful conduct.

B.    For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. §504, at the election of Plaintiff, in an amount to be determined at trial

C.    Awarding Plaintiff statutory damages and attorney's fees pursuant to 17 U.S.C. § 504-505.

1  D.  Awarding Plaintiff prejudgment and post-judgment interest on any monetary award in this
2  action.
3  E.  Granting such other and further relief as to this Court deems just and proper.

   **DATED** this 2nd day of March, 2018.

   **MCDONALD LAW OFFICES, PLLC**

   By: __/s/ Brandon McDonald, Esq._____
        Brandon McDonald
        Attorney for Sundance Media Group, LLC