UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUNDANCE MEDIA GROUP, LLC, <br><br> Plaintiff <br><br> v. <br><br> YUNEEC USA, INC., Does I through X and Roe Corporations I through X Inclusive, <br><br> Defendants | Case No.: 2:18-cv-00388-APG-PAL <br><br> **ORDER (1) GRANTING PLAINTIFF'S MOTION TO SET ASIDE DEFAULT, AND (2) DENYING AS MOOT DEFENDANTS' MOTION FOR DEFAULT JUDGMENT** <br><br> (ECF Nos. 19, 24) |

Plaintiff Sundance Media Group, LLC failed to respond to the counterclaim filed by defendant Yuneec USA, Inc., so default was entered against Sundance. ECF No. 17. Yuneec moves for entry of default judgment against Sundance (ECF No. 19) and Sundance moves to set aside the default (ECF No. 24). Sundance appears to have a meritorious defense to the counterclaim and Yuneec will not be prejudiced by having to litigate its claim on the merits. I therefore set aside the default and deny entry of default judgment. But I condition this action on Sundance reimbursing Yuneec for the reasonable fees and costs it incurred in connection with the default and these motions.

**<u>Analysis</u>**

I "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citation omitted). The analysis considers three factors: (1) whether Sundance engaged in culpable conduct that led to the default; (2) whether Sundance has a meritorious defense; or (3) whether reopening the default

judgment would prejudice Yuneec. *Id.* at 925-926. Because these factors are disjunctive, my decision can be based on any one of them. *Id.*

Culpable Conduct

A "defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (internal quotation and emphasis omitted), *overruled on other grounds by Egelhoff v. Egelhoff ex rel Breiner*, 532 U.S. 141 (2001). "Intentionally," in this context, means the defendant acted in bad faith "to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process." *Id.* A defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

Sundance's counsel claims that he did not file a response to the counterclaim because the responsible person in his office failed to calendar the deadline. ECF No. 24 at 2. This explanation, while plausible, is difficult to swallow given the number of letters, emails, phone messages, and court notices that were sent to Sundance's counsel. *See* ECF No 28 at 4-5. Sundance's counsel does not respond to Yuneec's recitation of these events, nor does he explain why he ignored repeated efforts by Yuneec's counsel to contact him. *Id. See also* ECF No. 21 at 2. While Sundance's counsel's refusal to communicate with opposing counsel deserves strong criticism, it does not appear to have been done to take advantage of Yuneec or manipulate the legal process. *TCI Grp. Life Ins. Plan*, 244 F.3d at 697. It does not appear that the failure to file a response to the counterclaim was devious or in bad faith. I do not find it fair in this instance to

punish Sundance for its counsel's neglectful office management and failure to communicate with opposing counsel, especially given the amounts at stake in this case.[1]

Meritorious Defenses

To satisfy the "not extraordinarily heavy" burden of presenting a meritorious defense, a defendant seeking to vacate a default must allege sufficient facts that, if true, would constitute a meritorious defense. *Id.* at 700. I need not determine whether those factual allegations are true at this stage. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010).

As alleged in the complaint and counterclaim, the parties dispute each other's rights to use various images. If the complaint's allegations are true, they would constitute meritorious defenses to Yuneec's counterclaim.

Prejudice to Yuneec

The standard with regard to prejudice is "whether [Yuneec's] ability to pursue [its] claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). To be considered prejudicial, vacating the default must do more than simply delay resolution of the case. *TCI Grp. Life Ins. Plan*, 244 F.3d at 698–99. In light of the pending motions, discovery in this case has been stayed. *See* ECF No. 33. So the parties may still conduct discovery on all claims and defenses. Yuneec's opposition primarily argues the merits of its counterclaim, which ultimately could be remedied by a judgment on the merits. I see no prejudice or hindrance to Yuneec in pursuing its counterclaim if the default is vacated.

"[A] case should, whenever possible, be decided on the merits." *TCI Grp. Life Ins. Plan*, 244 F.3d at 696. Where there has been no merits decision, "finality interests should give way

---

[1] Hopefully this instance will be sufficient deterrence to similar conduct in the future.

3

fairly readily, to further the competing interests in reaching the merits of a dispute." *Id.* I will vacate the default.

However, I have wide discretion to condition the setting aside of a default upon the payment of reasonable attorney's fees and costs. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1546 (9th Cir. 1988). Thus, I am conditioning the vacatur of the default upon payment by Sundance of Yuneec's reasonable attorney's fees and costs it incurred in obtaining the default, moving for default judgment (including the reply), and opposing the motion to set aside the default.

**Conclusion**

IT IS THEREFORE ORDERED that Sundance's motion to set aside the default **(ECF No. 24) is GRANTED.**

IT IS FURTHER ORDERED that Yuneec's motion for default judgment **(ECF No. 19) is DENIED as moot.**

IT IS FURTHER ORDERED that Sundance shall file a response to Yuneec's counterclaim no later than 14 days after the entry of this order.

IT IS FURTHER ORDERED that the clerk's entry of default **(ECF No. 17) is VACATED.** This relief is conditioned upon Sundance reimbursing Yuneec a reasonable amount for its attorneys' fees and costs incurred in obtaining the default, moving for default judgment (including the reply), and opposing the motion to set aside the default. The parties must confer about the amount of those fees and costs within 21 days of the entry of this order. If they agree on the amount, they shall file a stipulation. If no agreement is made, Yuneec shall file a motion—with supporting affidavits and appropriate documentation—requesting reasonable attorney's fees and costs. That motion shall be filed within 45 days of entry of this order.

Sundance will have 14 days thereafter to file any opposition to the requested amount. Once the appropriate fee has been determined, Sundance must pay that amount within 14 days or the default will be reinstated.

DATED this 6th day of December, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE