1
2    PAUL S. PADDA, ESQ. *(NV Bar #10417)*
        email:  psp@paulpaddalaw.com
3    **PAUL PADDA LAW, PLLC**
     4560 South Decatur Boulevard, Suite 300
     Las Vegas, Nevada 89103
4    Tele: (702) 366-1888
     Fax: (702) 366-1940
5
6    DOUGLAS Q. HAHN (*admitted pro hac vice*)
        email:  dhahn@sycr.com
7    **STRADLING YOCCA CARLSON & RAUTH, P.C.**
     660 Newport Center Drive, Suite 1600
     Newport Beach, California 92660
8    Tel:  (949) 725-4000
     Fax:  (949) 725-4100
9
10   Attorneys for Defendant and
     Counterclaim-Plaintiff Yuneec USA, Inc.

11
                     **UNITED STATES DISTRICT COURT**
12
                        **DISTRICT OF NEVADA**
13

14   SUNDANCE MEDIA GROUP, LLC,              CASE NO. 2:18-cv-00388-APG-BNW

15                   Plaintiff,               Hon. Andrew P. Gordon

16            vs.                             **DEFENDANT YUNEEC USA, INC.'S**
                                              **OPPOSITION TO PLAINTIFF'S MOTION**
17   YUNEEC USA, INC., Does I through X       **FOR SUMMARY JUDGMENT**
     and Roe Corporations I through X
18   Inclusive,
                                              Complaint Filed:  March 2, 2018
19                   Defendant.

20   YUNEEC USA, INC.,

21                   Counterclaim-
                     Plaintiff,
22
              vs.
23
     SUNDANCE MEDIA GROUP, LLC,
24
                     Counterclaim-
25                   Defendant.

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4825-6111-1214v5/104119-0002

1

## <u>TABLE OF CONTENTS</u>

2

3 I.   STATEMENT OF MATERIAL UNDISPUTED FACTS ..............................................2

4 II.  BACKGROUND AND PROCEDURAL HISTORY......................................................4

5 III. ARGUMENT .................................................................................................................5

6       A.   Legal Standards**.................................................................................................5**

7 IV.  SMG IS NOT ENTITLED TO SUMMARY JUDGMENT OF DIRECT AND
      CONTRIBUTORY COPYRIGHT INFRINGEMENT BECAUSE ITS COPYRIGHT
8      DEPOSIT MATERIALS REMAIN CONSPICUOUSLY ABSENT FROM THE
      RECORD .......................................................................................................................6
9
   V.   YUNEEC HAD AN ENFORCEABLE LICENSE TO USE SMG'S ALLEGEDLY
10      COPYRIGHTED IMAGES ........................................................................................10

11 VI.  CONCLUSION............................................................................................................14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-i-

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT

4825-6111-1214v5/104119-0002

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ABRO Indus. v. 1NEW Trade, Inc.*,
No. 3:14-CV-1984-TLS, 2017 U.S. Dist. LEXIS 179792
(N.D. Ind. Oct. 30, 2017) ................................................................................8

*Aerial Lumber Co. v. United States*,
239 F.2d 906 (9th Cir. 1956) .........................................................................10

*Alaska Stock, LLC v. Pearson Educ., Inc.*,
975 F. Supp. 2d 1027 (D. Alaska 2013) ..........................................................8

*Asset Mktg. Sys. v. Gagnon*,
542 F.3d 748 (9th Cir. 2008) ....................................................................10, 14

*Corbis Corp. v. Amazon.com, Inc.*,
351 F. Supp. 2d 1090 (W.D. Wash. 2004) .......................................................8

*Douglas v. Dreamdealers USA, LLC*,
No. 2:17-cv-02134-APG-BNW, 2019 U.S. Dist. LEXIS 162844
(D. Nev. Sep. 24, 2019) ................................................................................5, 6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) .........................................................................................6

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*,
139 S. Ct. 881 (2019) .......................................................................................6

*Lanard Toys Ltd. v. Novelty, Inc.*,
No. 05-cv-8406-CAS, 2006 U.S. Dist. LEXIS 96703 (C.D. Cal. Mar. 17,
2006) .................................................................................................................8

*Meritage Homes of Nev., Inc. v. FNBN-Rescon I, LLC*,
86 F. Supp. 3d 1130 (D. Nev. 2015) ..............................................................10

*Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting, Inc.*,
No. 07-11140, 2007 U.S. Dist. LEXIS 92994 (E.D. Mich. Dec. 19, 2007) ............8

*Seiler v. Lucasfilm, Ltd.*,
808 F.2d 1316 (9th Cir. 1986) ...............................................................1, 7, 8, 9

*Shakur v. Schriro*,
514 F.3d 878 (9th Cir. 2008) ...........................................................................6

*Warner Bros. Entm't Inc. v. RDR Books*,
575 F. Supp. 2d 513 (S.D.N.Y. 2008)..............................................................9

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT

4825-6111-1214v5/104119-0002

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Wilchombe v. TeeVee Toons, Inc.*,
    555 F.3d 949 (11th Cir. 2009) ...........................................................................................14

**Other Authorities**

2 CORBIN ON CONTRACTS (2019) ...........................................................................................14

Fed. R. Civ. P. 26(a)(ii).........................................................................................................7

Fed. R. Civ. P. 56(a) .............................................................................................................5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT

4825-6111-1214v5/104119-0002

1

## OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

2          Defendant and Counterclaim-Plaintiff Yuneec USA, Inc. ("Yuneec"), by and through its

3   attorneys of record, hereby respectfully submits this opposition to Plaintiff Sundance Media

4   Group, LLC's ("SMG") motion for summary judgment.  Nothing in SMG's Motion (ECF No.

5   58) ("Mot.") shows SMG is entitled to judgment as a matter of law.  To the contrary and as set

6   forth in Yuneec's pending Motion for Summary Judgment, the following key material facts are

7   undisputed, require the denial of SMG's instant motion and entitle *Yuneec* to judgment as a

8   matter of law on SMG's claims:

9          First, SMG cannot demonstrate its entitlement to summary judgment because its

10  copyright deposit materials were not produced with the complaint or at any time during

11  discovery.  In fact, they still have not been produced or even attached to SMG's Motion.  No

12  amount of hand waiving can change this.  These images are critical to SMG's claims and despite

13  being in SMG's control are still not before the Court and, consequently, the record is insufficient

14  to establish the "copying" element required to show "substantial similarity" of SMG's allegedly

15  copyrighted work and the accused infringing materials.  *See Seiler v. Lucasfilm, Ltd.*, 808 F.2d

16  1316, 1319 (9th Cir. 1986).  This issue is alone dispositive and dooms SMG's claims.

17         Second, contrary to SMG's apparent purpose, SMG's declarations submitted from former

18  Yuneec employees and Jennifer Pidgen demonstrate even more clearly that Yuneec enjoyed an

19  irrevocable license to use SMG's images allegedly covered by this copyright registration.

20  SMG's protestation that it desired a "formal" agreement to be subsequently executed[1] is both

21  irrelevant to the express license's effectiveness and belied by the record evidence

22  contemporaneous with Ms. Pidgen's grant of the license.  Yuneec's one-year, paid up license to

23  the SMG images naturally expired under its express terms, and Yuneec cannot, as a matter of

24  law, be liable for copyright infringement during this period.  (Mot. Summ. J., ECF No. 55, Ex. 1,

25  PLTF001-002 & SMUF, ¶¶1-4.)

26

27

---

28

[1] *See* Mot., ECF No. 58 at Statement of Facts ("SOF") ¶¶ 3, 9-11.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

## I.      STATEMENT OF MATERIAL UNDISPUTED FACTS[2]

1.      In November 2016, Yuneec and SMG negotiated for Yuneec to begin using certain media relating to the video and images of Yuneec's H520 and H920 drone models allegedly owned by SMG.  (Ex. 1, PLTF001.)[3]

2.      In June 2017, Michael Kahn (CEO, Yuneec USA) exchanged correspondence with Jennifer Pidgen (Owner of SMG) to clarify the terms of use for the SMG images.  Ms. Pidgen responded by email that "Yuneec has a license to use the images" giving "full permissions to the Yuneec global marketing team to access and download the images."  (Ex. 1, PLTF001-002.)

3.      Mr. Kahn followed up to request clarity on whether there were any limitations on Yuneec's usage of the provided media.   (Ex. 1, PLTF001-002.)

4.      On June 21, 2017, Ms. Pidgen indicated that "usage is unlimited and non-exclusive for up to 1-year from today.  This is to include images, video and any audio that we share with you."  (Ex. 1, PLTF001-002.)

5.      The license was supported by consideration, "[b]ottom line, I don't expect Yuneec to pay for use as I believe in our mutually beneficial relationship. **Yuneec enjoys the benefit of our images and we have access to the newest products from Yuneec to showcase to our clientele**."  (Ex. 1, PLTF001-002) (emphasis added.)

6.      Ms. Pidgen stated SMG's policy relating to sharing such photos in this same email, "We are happy to share our photos within the industry, no different than we are sharing them with some of our clients that we've worked for. When/where possible our request is that we have a nod for the photos shared."  (Ex. 1, PLTF001-002.)

7.      On December 12, 2017, Ms. Pidgen sent an email purporting to terminate the agreement and demanding that Yuneec either remove all SMG content within 15 days or execute

[2] ("SMUF").  Yuneec's accompanying Response to Plaintiff's Statement of Facts is attached hereto.
[3] Unless otherwise indicated, all Exhibits refer to the exhibits annexed to Plaintiff's Motion.

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

STRADLING YOCCA CARLSON & RAUTH LAWYERS NEWPORT BEACH

1    a formal licensing agreement along with a $90,000 payment to SMG.  (Ex. 2, PLTF003; Hahn

2    Decl., Ex. 1, Pl.'s Initial Disclosures at PLTF003-009.)

3          8.     SMG asserts that Yuneec has been on notice that it does not have license or

4    authority to publish, use or distribute SMG's images as of January 5, 2018.  (Dkt. No. 1, Compl.

5    ¶¶ 35-37.)

6          9.     SMG asserts that Yuneec has infringed its copyright through its allegedly

7    unauthorized use of certain images. (Compl., ¶¶42-43.)

8          10.    SMG registered certain unidentified photographs as an unpublished collection

9    with the United States Copyright Office, under Registration Number VAu 1-301-707.  (Request

10   for Judicial Notice ("RJN"), ECF No. 55-8.)  The effective date of registration is January 18,

11   2018.  (*Id.*) The author listed on the registration is Jennifer Pidgen, SMG's managing member.

12   (*Id.*)

13         11.    Plaintiff did not produce either the copyright registration or the deposit materials

14   allegedly protected by SMG's copyright registration with its Complaint.

15         12.    On December 26, 2018, the Court issued an Amended Discovery Plan (Dkt. No.

16   38).  The Amended Discovery Plan required the parties to exchange initial disclosure by January

17   14, 2019, disclose experts by April 26, 2019 and complete fact discovery by June 19, 2019.

18         13.    SMG did not produce initial disclosures on January 14, 2019; it did not disclose

19   any experts by April 26, 2019; it noticed no depositions in this case and until May 3, 2019 it

20   served no written discovery.

21         14.    On June 19, 2019, SMG placed in the mail its Initial Disclosures and attached

22   approximately 200 pages of documents to these disclosures.  (*See* Declaration of Douglas Hahn

23   ("Hahn Decl."), Ex. 1, Plaintiff's Initial Disclosures and Document Production, PLTF001-

24   00196.)

25         15.    The documents produced with the Initial Disclosures did not include SMG's

26   copyright registration, the copyright deposit material, or document sufficient to show SMG's

27   actual damages.

28

-3-

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT

16.   At no point during the pendency of this matter has SMG produced either the copyright registration or the deposit materials allegedly protected by SMG's copyright registration. (Hahn Decl., Ex. 1.)

## II.   BACKGROUND AND PROCEDURAL HISTORY

In November 2016, Yuneec and SMG negotiated for Yuneec to begin using certain media relating to the video and images of Yuneec's H520 and H920 drone models allegedly owned by SMG. (SMUF, ¶1.)  In June 2017, Michael Kahn (CEO, Yuneec USA) reached out to Jennifer Pidgen (Owner of SMG) for clarification on the terms of use for the SMG images.  (SMUF, ¶2.) Ms. Pidgen responded by email that "Yuneec has a license to use the images" giving "full permissions to the Yuneec global marketing team to access and download the images."  (Ex. 1, PLTF001-002; SMUF, ¶2.) Mr. Kahn followed up to request clarity on whether there were any limitations on Yuneec's usage of the provided media.   (*Id.*; SMUF, ¶3)  On June 21, 2017, Ms. Pidgen indicated that "usage is unlimited and non-exclusive for up to 1-year from today.   This is to include images, video and any audio that we share with you."  (*Id.*; SMUF, ¶4.) The license was also supported by consideration, "[b]ottom line, I don't expect Yuneec to pay for use as I believe in our mutually beneficial relationship. Yuneec enjoys the benefit of our images and we have access to the newest products from Yuneec to showcase to our clientele."  (*Id.*; SMUF, ¶5.)

Ms. Pidgen stated SMG's policy relating to sharing such photos in this same email, "We are happy to share our photos within the industry, no different than we are sharing them with some of our clients that we've worked for. When/where possible our request is that we have a nod for the photos shared."  (*Id.*; SMUF, ¶6.)

In Dec. 2017 and despite the one year license, Ms. Pidgen sent an email purporting to terminate the parties' agreement and demanding that Yuneec either remove all SMG content within 15 days or execute a formal licensing agreement along with a $90,000 payment to SMG. (Ex. 2, PLTF003; Hahn Decl., Ex. 1, Pl.'s Initial Disclosures at PLTF003-009; SMUF, ¶7.)

On March 2, 2018, SMG filed its Complaint for "Direct Copyright Infringement" and

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

"Contributory Copyright Infringement." (Dkt. No. 1.)  In that Complaint, SMG asserts that Yuneec has infringed its copyright through its allegedly unauthorized use of certain images. (*Id.*, ¶¶ 42-43; SMUF, ¶9.) Those images, however, are not identified in the Complaint. SMG also asserts that Yuneec has been on notice that it does not have license or authority to publish, use or distribute SMG's images as of January 5, 2018.  (*Id.*, ¶¶ 35-37; SMUF, ¶8.)

SMG allegedly registered certain unidentified photographs as an unpublished collection with the United States Copyright Office, under Registration Number VAu 1-301-707.  (*Id.*, ¶ 6; SMUF, ¶10; RJN, ECF No. 55-8.)  The effective date of registration is January 18, 2018. (*Id.*) The author listed on the registration is Jennifer Pidgen, SMG's managing member.  (*Id.*) Plaintiff did not attach either the copyright registration or the deposit materials allegedly protected by SMG's copyright registration to its Complaint.  (*See id*; SMUF, ¶11.)

SMG did not produce Initial Disclosures on January 14, 2019 and when it did so on June 19, 2019, it once again failed to produce the alleged deposit material for its copyright registration.  (SMUF, ¶¶13, 15)  Indeed, to date, including with its Motion for Summary Judgment, SMG has not provided Yuneec **or the Court** with the deposit material that it allegedly filed with the Copyright Office.  (SMUF, ¶16)  Without that deposit material, there is no way to know what SMG's alleged copyright covers or determine if the images allegedly used by Yuneec are substantially similar.  SMG's failure to produce the necessary elements of its case, requires denial of SMG's instant motion as set forth below.

## III.   ARGUMENT

### A.   Legal Standards

Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact."  *Douglas v. Dreamdealers USA, LLC*, No. 2:17-cv-02134-APG-BNW, 2019 U.S. Dist. LEXIS 162844, at *10 (D. Nev. Sep. 24, 2019) (citing

-5-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  "When the moving party also bears the burden of persuasion at trial, to prevail on summary judgment it must show that 'the evidence is so powerful that no reasonable jury would be free to disbelieve it.'"  *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quoting 11-56 Moore's Federal Practice - Civil § 56.13).  Only if the moving party meets its burden does the "burden then shift[] to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial."  *Douglas*, 2019 U.S. Dist. LEXIS 162844, at *10 (citing *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000)).  The Court "view[s] the evidence and reasonable inferences in the light most favorable to the non-moving party."  *Id.* (citing *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008)).

For a Copyright claim, "[t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Further, a registration of a copyright by the Copyright office is required to file suit.  *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 886 (2019) ("We hold . . . that registration occurs, and a copyright claimant may commence an infringement suit, when the Copyright Office registers a copyright.").

## IV.   SMG IS NOT ENTITLED TO SUMMARY JUDGMENT OF DIRECT AND CONTRIBUTORY COPYRIGHT INFRINGEMENT BECAUSE ITS COPYRIGHT DEPOSIT MATERIALS REMAIN CONSPICUOUSLY ABSENT FROM THE RECORD

SMG's Motion requests summary judgment that Yuneec directly and contributorily infringed its copyright, but it lacks record evidence to establish an essential element of its claim – copying.  "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  The "copying" element requires SMG to

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

1    show "substantial similarity" of SMG's allegedly copyrighted work and the allegedly infringing

2    materials.  *See Seiler*, 808 F.2d at 1319.

3           Notably, in response to Yuneec's co-pending cross motion for summary judgment (ECF

4    No. 55), SMG did not dispute that it has failed to produce the deposit materials allegedly

5    protected by its copyright registration.  Yuneec's Statement of Material Undisputed Fact

6    ("SMUF") No. 11 asserts:

7                  Plaintiff did not produce either the copyright registration or the
                   deposit materials allegedly protected by SMG's copyright
8                  registration with its Complaint.

9    (SMUF No. 11, ECF No. 55-7.)  While SMG does not dispute these material facts, it has

10   countered that the 35 images allegedly infringed by Yuneec were somehow "incorporated in by

11   reference" to the Complaint:

12                 The registration was noted in paragraph 6 of the Complaint which
                   was incorporated by reference. **Paragraph 6 states that 35 images**
13                 **were registered, which were also incorporated in by reference**.
                   See also footnote 4 and Declaration of Jennifer Pidgen, ¶25. SMG
14                 also sought in discovery for any images used by Yuneec to be
                   produced, which it has failed to respond.
15

16   (Opp., Exc. No. 59 at 12) (emphasis added.)  These images are neither attached to the Complaint,

17   identified in SMG's "initial disclosures," included in its document production, or otherwise

18   attached to its briefing on these cross motions for summary judgment despite its obligations to

19   identify and produce documents that "support its claims." Fed. R. Civ. P. 26(a)(ii).

20          Simply put, there is no way for the Court to know what was actually filed with SMG's

21   copyright application and, thus, what exactly is covered by that registration.  Indeed, the images

22   that SMG claims rights in are all images of Yuneec's products.  Thus, absent and express

23   identification of the specific images registered, Yuneec is likewise left to speculate which images

24   of its own products allegedly infringe SMG rights.  This failure leaves the evidentiary record

25   devoid of proof on an essential element of SMG's claim.  The Ninth Circuit has stated that when

26   the contents of a plaintiff's work are at issue, "the contents are material and ***must be proved***."

27   *Seiler*, 808 F.2d at 1319 (emphasis added).  To do so, the court held that the copyright owner

28   "must either produce the original or show that it is unavailable through no fault of his own."  *Id.*

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT

1   Thus, without placing this fundamental element of SMG's proof into evidence, "[t]here can be

2   no proof of 'substantial similarity' and thus of copyright infringement." *See id.* at 1317, 1319

3   ("With no admissible evidence, Seiler then lost at summary judgment."); *Alaska Stock, LLC v.*

4   *Pearson Educ., Inc.*, 975 F. Supp. 2d 1027, 1039-40 (D. Alaska 2013) ("[T]he certificates of

5   registration in this case do not provide the details necessary to confirm that the image or images

6   relating to Alaska Stock's claims are the same images underlying the certificates of

7   registration."); *Corbis Corp. v. Amazon.com, Inc.*, 351 F. Supp. 2d 1090, 1114-15 (W.D. Wash.

8   2004) ("The only way to determine with any certainty whether [the registration certificate]

9   covered the [photo] [wa]s to review the deposits included with the registration applications."

10  Without the deposits, the court concluded that the plaintiff "c[ould] not show that the [photo]

11  [wa]s among the photographs covered by [the] [r]egistration[s]."); *see also Lanard Toys Ltd. v.*

12  *Novelty, Inc.*, No. 05-cv-8406-CAS, 2006 U.S. Dist. LEXIS 96703, at *19-23 (C.D. Cal. Mar.

13  17, 2006) (The court held that without the deposit material, certificates of registration, even

14  when combined with the declaration of the plaintiff, were insufficient evidence of ownership.);

15  *ABRO Indus. v. 1NEW Trade, Inc.*, No. 3:14-CV-1984-TLS, 2017 U.S. Dist. LEXIS 179792, at

16  *16-18 (N.D. Ind. Oct. 30, 2017) ("In light of ABRO's failure to produce any deposit materials

17  that would aid the Court in confirming the scope of the registrations" the court refused to grant a

18  presumption of copyright validity.).

19          Yuneec anticipates that SMG will attempt to escape this fatal flaw by arguing – as it has

20  in response to Yuneec's motion for summary judgment, that it should be excused from having

21  produced the underlying work before the close of fact discovery – or at all.  (*See* Pl.'s Opp., Exc.

22  No. 59, at 16-17.)  However, in order to prevail, SMG must produce the deposit materials into

23  evidence because "a photograph whose contents are sought to be proved, as in copyright . . . [is] .

24  . . covered by the best evidence rule." *Seiler*, 808 F.2d at 1320.  Consistent with Ninth Circuit

25  precedent, SMG must produce the actual copyright deposit materials, or certified copies of them,

26  into evidence.  Indeed, courts have awarded attorneys' fees where a plaintiff could not

27  substantiate a frivolous claim for copyright infringement because it never obtained or produced

28  the copyright deposit materials.  *See Nat'l Bus. Dev. Servs. v. Am. Credit Educ. & Consulting,*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-8-

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

*Inc.*, No. 07-11140, 2007 U.S. Dist. LEXIS 92994, at *8 (E.D. Mich. Dec. 19, 2007) (deeming

an award of attorneys' fees appropriate and noting that "[a] cursory examination of Plaintiff's

approach to filing its claim . . . reveals that the claim was frivolous, unreasonable, and deserving

of deterrent action.").[4]

        As such, SMG is left with no excuse for having failed to produce the underlying images

allegedly covered by its copyright registration.  The Copyright office may have granted SMG a

registration, but SMG's failure to produce the underlying works protected by registration has left

both Yuneec and this Court to guess at the scope of SMG's alleged rights.  These images are

uniquely within SMG's control, and its failure to produce them is inexcusable and fatal.  As

SMG cannot establish the content of its alleged copyright based on the present record and, thus,

cannot establish the required element of substantial similarity[5], SMG is not entitled to judgment

---

[4] Yuneec notes that in opposition to Yuneec's summary judgment motion, SMG makes two arguments for why its failure to produce the deposit materials is not fatal: (1) the images deposited with the Copyright Office were supposedly "incorporated in by reference" to the Complaint; and (2) "Judicial notice may be taken at any stage in the preceding, whether by the Court on its own or if requested and the Court is supplied with the information."  (*See* Opp., Exc. No. 59, at 12, 17.)  Taken together, SMG's position is that it need not ever produce the underlying work and even if it must, could do so at any time.  SMG's position stands in stark contrast to established law.  In *Seiler*, for instance, the Ninth Circuit affirmed the district court's grant of summary judgment against plaintiff following a seven day hearing on the admissibility of the plaintiff's "reconstructions."  *Seiler*, 808 F.2d at 1317-18 ("With no admissible evidence, Seiler then lost at summary judgment.").  In *Warner Brothers*, introduced some but not all of the underlying works protected by its copyright registrations into evidence.  *See Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 518-19 (S.D.N.Y. 2008).  As a result, the Court held that "Plaintiffs cannot establish infringement of these works . . . because neither work was entered into evidence, and they are not before the Court."  *Id.* at 534 & n. 12.  The court was clear in drawing a distinction between judicial notice, which it took of the copyright registrations to establish ownership of these works, and the plaintiffs' failure to introduce the "underlying works" into evidence, which precluded a finding of infringement.  *Id.*  SMG fails to point to a single case to support its implicit argument that it may ambush Yuneec with its copyright deposit material when and if it pleases.

[5] Further, SMG has failed to establish infringement based on the record before the Court.  SMG has not identified any of Yuneec's alleged infringing uses, except in the abstract.  This would again leave both Yuneec and the Court to guess at which images of Yuneec's products SMG claims to infringe their rights.  Further, there is no way for any trier of fact to assess the similarity between the protected image and the allegedly infringing image, when the allegedly infringing image is not identified with particularity.  SMG's hand waiving and unspecified claims of "infringement" are insufficient to carry its burden.  Finally, even the affidavits of David Morris (Mot., ECF. No. 58-17) and Michael Kahn (Mot., ECF. No. 58-18) do little more than make equivocal statements not knowing how or how many images were used, if any.  This

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT

1    as a matter of law on its claim for direct or contributory copyright infringement and its motion

2    must be denied.

3    **V.     YUNEEC HAD AN ENFORCEABLE LICENSE TO USE SMG'S ALLEGEDLY**

4    **COPYRIGHTED IMAGES**

5             SMG's Motion for Summary Judgment must be denied because it gave Yuneec a written

6    license to use the alleged works.  This, at a minimum, raises a genuine issue of material facts as

7    to SMG's claim of infringement.[6]

8             Here, as demonstrated by the undisputed record evidence, there was an offer by SMG

9    with definite terms, supported by consideration, which was accepted by Yuneec.  *Meritage*

10   *Homes of Nev., Inc. v. FNBN-Rescon I, LLC*, 86 F. Supp. 3d 1130, 1139 (D. Nev. 2015) (citing

11   *May v. Anderson*, 121 Nev. 668, 672 (2005) ("Basic contract principles require, for an

12   enforceable contract, an offer and acceptance, meeting of the minds, and consideration."); *Aerial*

13   *Lumber Co. v. United States*, 239 F.2d 906, 907 (9th Cir. 1956).  A nonexclusive license

14   supported by consideration "is a contract."  *Asset Mktg. Sys. v. Gagnon*, 542 F.3d 748, 757 (9th

15   Cir. 2008) (granting summary judgment of no infringement based on irrevocable nature of

16   nonexclusive license).

17            SMG devotes a substantial portion of its argument to belated attacks on the license it

18   granted to Yuneec in June 2017 but cannot refute the basic fact that the parties entered into a

19   nonexclusive license with set terms for valid consideration.  SMG reproduces the email

20   communications between Ms. Pidgen and Yuneec employees in which she granted Yuneec a

21   license to SMG's images, which unequivocally establish the fact of an agreement and its terms:

22            Hi Mike,

23            Douglas requested that I touch base with you regarding the SMG
              agreement for the images that we've provided to Yuneec for the
24            H520 & H920. Our team consists primarily of myself, James Spear

25   _____

26   evidence is not sufficient for SMG to carry its burden, even if SMG had presented its deposit
     materials.  On this record there is undoubtedly a genuine issue of material fact as to copying and
27   similarity.

28   [6] Indeed, as the license grant is undisputed, actually supports Yuneec's pending Motion for
     Summary Judgment.  (*See* Mot., ECF. No. 58 at Statement of Facts ("SOF") ¶¶9-10.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT**

& Luisa Winters and are typically captured during both Yuneec excursions with Douglas and/or SMG events/client training. I understand you are now looking to have an official ***Terms of License*** for the SMG images.

**Given my experience in licensing and purchase of stock media, it's not appropriate for me to ask for those sorts of standards which is why last November we agreed (Frank, Dave, DSE & I) to a casual agreement**. Much more affordable for Yuneec.

Bottom line, **I don't expect Yuneec to pay for use as I believe in our mutually beneficial relationship. Yuneec enjoys the benefit of our images and we have access to the newest products from Yuneec to showcase to our clientele (which also happens to fall within your key sales channels)**. I feel that it's in everyone's best interest to continue this positive relationship, given that SMG's primary focus is on government & organization training and consulting. We are happy to share our photos within the industry, no different than we are sharing them with some of our clients that we've worked for. When/where possible our request is that we have a nod for the photos shared.

**To be clear, Yuneec has license to *use* the images**, but does not *own* the images, nor would I be able to offer exclusivity. Our clients (LEO, fire, government) also want to use the images to help promote their new UAV programs within their organizations. That said, if there are certain images that you would like to have and/or require exclusivity, I am certain we can make arrangements for the one-offs.

All of the content SMG has produced to a Google Drive area per DSE's request since last November. This is primarily because DSE has been unable to load the content directly to the Yuneec servers. Instead **we've give full permissions to the Yuneec *global marketing team* to the access and download the images. This is more efficient for the team as they are able to download and store images that they actually want to use in creating marketing assets. Douglas regularly informs the graphics teams around the globe when there are new assets for them to use.**

Mike - **I see no reason to complicate the arrangement. Yuneec has the right to use anything we upload to the server that is shared via various Yuneec email addresses**. I'm happy to join in on a cigar outing or dinner from time to time in appreciation and I know that Yuneec will continue to work with SMG on potential training opportunities. (Thank you again for your support with our incredibly successful workshops at NAB!)

Sundance Media Group is a proud supporter of the Yuneec brand. We have had several opportunities to provide training quotes from government agencies, and several of them have turned into Yuneec sales opportunities via Kevin Jones, Thomas Reese, Westwind, and TIG. We are currently involved in quotes for OSHA, US Marshals, LVMPD, Las Vegas Fire, Palm Springs Fire, the US Air Force in Maryland, and others and I am always working Yuneec into those

-11-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

conversations. We are very appreciative of our involvement with
Yuneec and look forward to working together.

**The only other expectation that I have is that this arrangement
is clearly communicated to the entire marketing team**. I am
happy to provide specific, stylized shots while we are in the field
with our clients, we simply need the communication of the request.
I'd like to believe that the majority of the marketing team respect
the time and energy SMG puts into shooting, processing, and
uploading images for them to use. I know that the disparaging
comments floating about are not truly the Yuneec view, and that
you and your team will manage it so that the rest of the marketing
team is not poisoned by those discouraging and disrespectful
comments.

(Mot., ECF No. 58-4, Ex. 1, PLTF001) (emphasis added.)  In this correspondence Ms. Pidgen

offered Yuneec a "license to use [SMG's] images… [including] [a]ll of the content SMG has

produced to a Google Drive." (*Id.*)  She further clarified that "**Yuneec has the right to use

anything we upload to the server**..." (*Id.*) (emphasis added.)  She also indicated that this was to

be a non-exclusive licenses and the scope included "**full permissions to the Yuneec *global**

*marketing team* to the access and download the images… to use in creating marketing

assets.**" (*Id.*) (emphasis added.)  The one-year term of the license was set by email the following

day:

Good Morning Mike,

Given the lifespan of the products you build, I had not considered a
time limit to usage. That said, **let's say that usage is unlimited
and non-exclusive (unless specifically requested and
negotiated) for up to 1 year from today. This is to include
images, video and any audio that we share with you. We can
revisit/renegotiate from there**.

Sound good?

Jennifer

(Mot., ECF No. 58-4, Ex. 1, PLTF002) (emphasis added.)  This is undeniably an express

communication offering Yuneec a license with definite terms.

Ms. Pidgen's email above further indicates her belief that the license was supported by

mutual consideration, "**Yuneec enjoys the benefit of our images and we have access to the

newest products from Yuneec to showcase to our clientele**." (Mot., ECF No. 58-4, Ex. 1,

-12-

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT

1   PLTF001) (emphasis added.)  Finally, Yuneec's former CEO, Michael Kahn, submitted a

2   declaration with SMG's Opposition indicating that the parties agreed to these terms set forth in

3   the emails above:

4           I wrote Ms. Pidgen and asked to be quoted for Yuneec to acquire
            the rights for those images. I asked Ms. Pidgen if she would allow
5           Yuneec USA to use the images for a period of 12 months without
            additional costs. She agreed and emailed me outlining her proposal
6           which l read and thought fair. I passed this email onto Frank
            DeMartin to officially execute with SMG and considered the
7           matter closed.

8   (Decl. of Michael Kahn, Mot., ECF No. 58-18, Ex. 15.)  This offer by SMG with definite terms,

9   supported by consideration, which was accepted by Yuneec created a license.

10          SMG focuses its argument on post hoc assertions that no "formal" agreement existed to

11  memorialize the license from SMG to Yuneec.  (*See, e.g.*, Mot., ECF No. 58 at 13.)  That a

12  formal agreement was not later "executed" has no impact on the enforceability of this agreement

13  and is in fact belied by Ms. Pidgen's refusal to provide "official ***Terms of License*** for the SMG

14  images" at Yuneec's request because "Given [her] experience in licensing and purchase of stock

15  media, it's not appropriate . . . to ask for those sorts of standards."  (Mot., ECF No. 58-4, Ex. 1,

16  PLTF001) (emphasis in original.)  She preferred not "to complicate the arrangement" and

17  stressed that "Yuneec has the right to use anything we upload to the server that is shared via

18  various Yuneec email addresses."  (*Id.*)  SMG thus fails to carry its burden in establishing its

19  alleged material fact that no license existed between the parties.  The evidence contradicts this

20  assertion and at the minimum there is a clear dispute on this material fact, such that the Court

21  should deny SMG's request for summary judgement.

22          Further, to the extent SMG now disputes Yuneec's eventual performance of the license

23  covenants, it does not vitiate the fact that the license was supported by consideration and

24  enforceable:

25          A promise usually is consideration for a return promise. This has
            been true for at least four centuries, ever since bilateral contracts
26          were recognized. In other words, in a bilateral contract, where a
            promise is exchanged for a promise, each promise is the
27          consideration for the other promise.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

2 CORBIN ON CONTRACTS § 5.25 (2019). Because it was supported by consideration, SMG's license to Yuneec was therefore irrevocable.  (*See* Mot., ECF No. 58-4, Ex. 1, PLTF001) ("Yuneec enjoys the benefit of our images and we have access to the newest products from Yuneec to showcase to our clientele"); *see also Asset Mktg. Sys.*, 542 F.3d at 757 ("If an implied license accompanied by consideration were revocable at will, the contract would be illusory.") (quoting *Lulirama Ltd., Inc. v. Axcess Broad. Servs., Inc.*, 128 F.3d 872, 882-83 (5th Cir. 1997)). SMG's arguments, if anything, go to performance of the contract, not its enforceability.  *See, e.g.*, 2 CORBIN ON CONTRACTS § 5.20 (2019).  SMG's infringement claims against Yuneec that accrued during the license period are thus barred.  *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009) (recognizing that a "copyright owner waives [her] right to sue for copyright infringement while the nonexclusive license is in effect"); *accord Asset Mktg. Sys.*, 542 F.3d at 757.

SMG also devotes three sentences at the end of its opening brief to allege that Yuneec has exceeded the bounds of the initial license by providing the SMG images to third-parties.  But its argument is nonsensical as it cites to "consent to Transmedia and Broadcaster Defendants continued use of the Software, because Defendant Adams informed his attorney to negotiate for the Software use."  Neither Transmedia, Broadcaster Defendants, or Defendant Adams are in this matter nor does this matter involve the use of Software.  Regardless of the error, SMG's argument still fails. SMG granted to Yuneec "**full permissions to the Yuneec *global marketing team* to the access and download the images… to use in creating marketing assets.**"  (Mot., ECF No. 58-4, Ex. 1, PLTF001) (emphasis added.)  "[M]arketing assets" would include media kits to distributors and resellers to help promote Yuneec's products.

As set forth above, despite SMG's claims, its written grant of a copyright license creates, at a minimum, a genuine question of material fact on its claims of copyright infringement requiring the denial of its instant motion.

## VI.    CONCLUSION

For the foregoing reasons, Yuneec respectfully submits that SMG is not entitled to summary judgment on its claims.

YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT

1

2  DATED:  December 4, 2019

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL PADDA LAW, PLLC
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103

STRADLING YOCCA CARLSON &
RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660


By:      */s/ Douglas Q. Hahn*
         Douglas Q. Hahn
         (admitted *pro hac vice*)

         Attorneys for Defendant /
         Counterclaim-Plaintiff
         Yuneec USA, Inc.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-
YUNEEC USA, INC.'S OPPOSITION TO SMG'S MOTION FOR SUMMARY JUDGMENT
4825-6111-1214v5/104119-0002

1

CERTIFICATE OF SERVICE

2        The undersigned hereby certifies that on this day, December 4, 2019, a true and correct

3   copy of the foregoing document was served by e-service via the Court's electronic filing system

4   (CM/ECF) upon all parties in the action.

5

                                    */s/ Douglas Q. Hahn*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-1-
CERTIFICATE OF SERVICE
4825-6111-1214v5/104119-0002