UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUNDANCE MEDIA GROUP, LLC,<br><br>    Plaintiff<br><br>v.<br><br>YUNEEC USA, INC.,<br><br>    Defendant | Case No.: 2:18-cv-00388-APG-BNW<br><br>**Order (1) Granting Defendant's Motion to Strike, (2) Denying as Moot Defendant's Motion for Leave to File Surreply, (3) Granting Defendant's Motion for Summary Judgment, and (4) Denying Plaintiff's Motion for Summary Judgment**<br><br>[ECF Nos. 55, 58, 68, 70] |

Plaintiff Sundance Media Group (SMG) sues defendant Yuneec USA, Inc. (Yuneec) for direct and contributory copyright infringement. SMG alleges that Yuneec used SMG's copyright protected photographs without a license or permission. Yuneec counterclaims, alleging it had a license to use the photographs, which SMG breached by attempting to alter or revoke the license.

Yuneec moves for summary judgment on SMG's copyright claims, arguing that the photographs at issue have not been produced in discovery, so SMG's copyright claims fail because it cannot prove what it owned or that Yuneec copied any copyright-protected pictures. Yuneec also contends SMG has presented no evidence of actual damages and does not qualify for statutory damages or attorney's fees. Finally, Yuneec argues that even if it used copyright-protected photographs, it did so under an unlimited, non-exclusive license.

SMG opposes Yuneec's motion and moves for summary judgment as to liability on its copyright claims, arguing that there was no license agreement but Yuneec nevertheless used SMG's copyrighted photographs and shared those images with third parties who also used them in marketing. SMG contends it can establish actual damages at trial and that it is entitled to statutory damages and attorney's fees.

SMG attached to its reply to its own motion for summary judgment the images protected by the copyright registration. Because this was the first time SMG produced the images, Yuneec moves to strike both the images and a declaration attached to the reply. Yuneec alternatively moves for leave to file a surreply to address the new evidence submitted in reply.

The parties are familiar with the facts so I will not repeat them here except where necessary. I grant Yuneec's motion to strike and deny as moot its motion for leave to file a surreply. I grant Yuneec's motion for summary judgment and deny SMG's motion for summary judgment. Because no party moved for summary judgment on Yuneec's breach of contract counterclaim, that claim remains pending.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and

reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. Motions to Strike and for Leave to File Surreply

Discovery closed on June 19, 2019. ECF No. 38 at 3. At that point, SMG had made initial disclosures but had not produced the actual photographs that were copyrighted through its copyright registration. ECF Nos. 55-1 at 2; 55-4; 55-5. On October 23, Yuneec moved for summary judgment on multiple grounds, including that SMG had never disclosed the copyrighted material so SMG could not prove the underlying work or that Yuneec copied it. *See* ECF No. 55 at 11-13. Despite being on notice of this problem, SMG did not attach the photographs to its opposition or to its own motion for summary judgment. SMG argued the court could take judicial notice of the copyright registration, including the images, but SMG did not provide those images. Instead, it first disclosed the photographs on December 19 and attached them to its reply to its own summary judgment motion. SMG also attached a new declaration from its managing member Jennifer Pidgen.

Yuneec moves to strike the photographs, Pidgen's declaration, and any argument related to those exhibits because they were produced for the first time long after discovery closed and presented to the court for the first time in SMG's reply brief. Alternatively, Yuneec requests leave to file a surreply to address the new evidence and argument. SMG does not respond to the motion to strike because it erroneously suggests that the motion was rejected by the clerk's office. ECF No. 71 at 3 n.3. The clerk's office issued a notice directing Yuneec to refile the motion for leave to file a surreply and specifically directed that Yuneec need not refile the motion to strike. ECF No. 69. The motion to strike is thus unopposed, so I grant it. LR 7-2(d).

Even if I did not grant the motion to strike as unopposed, I would exclude the evidence disclosed for the first time long after discovery closed and presented for the first time in a reply brief on summary judgment. Fed. R. Civ. P. 37(c)(1). SMG bears the burden of showing its late disclosure is substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). SMG contends it did not have to disclose the images because they are subject to judicial notice as materials on file with the copyright office and I can take judicial notice at any time. *See* Fed. R. Evid. 201(b)(2), (d). But the fact that documents may be subject to judicial notice does not excuse SMG from producing them in discovery. *See Warner Bros. Entm't Inc. v. RDR Books*, 575 F. Supp. 2d 513, 534 (S.D.N.Y. 2008) (taking judicial notice of copyrights but concluding the plaintiffs could "not establish infringement of these works . . . because neither work was entered into evidence, and they are not before the Court" (internal footnote omitted)).[1] SMG's failure to produce the images is not substantially justified.

Nor is it harmless. Discovery closed six months before SMG disclosed information it should have produced in its initial disclosures. If SMG is allowed to supplement the record now, discovery likely would have to be reopened even though the parties have had a full round of summary judgment briefing, and SMG would be able to tailor discovery to address the defects Yuneec has identified in its briefs. Moreover, Yuneec pointed out the fatal defect in SMG's claims in its summary judgment motion and SMG still did not respond until it filed the reply brief on its own motion. For SMG to disclose evidence for the first time in connection with the last brief filed on summary judgment is unfair.

---

[1] *See also Ferdman v. CBS Interactive Inc.*, 342 F. Supp. 3d 515, 528 (S.D.N.Y. 2018); *Mantel v. Microsoft Corp.*, No. 16-CV-5277 (AJN), 2018 WL 1602863, at *4 (S.D.N.Y. Mar. 29, 2018), reconsideration denied, No. 16-CV-5277 (AJN), 2019 WL 367823 (S.D.N.Y. Jan. 30, 2019).

Because excluding the evidence will be fatal to SMG's infringement claims, I must consider whether SMG's conduct involved "willfulness, fault, or bad faith," as well as "the availability of lesser sanctions." *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012). SMG is at least at fault for its failure to disclose information fundamental to its infringement claims that it had before it even filed suit. Yet it did not disclose the photographs in discovery, did not disclose them even after Yuneec pointed out this defect at summary judgment, and waited until its reply brief to finally produce them.

No sanction other than exclusion is appropriate. The public's interest in expeditious resolution of litigation, the court's management of its docket, and prejudice to Yuneec weigh against a lesser sanction. As discussed above, reopening discovery and allowing a redo on summary judgment would reward SMG for its discovery failures and punish Yuneec for showing its hand at summary judgment. Although public policy favors disposing of cases on the merits, parties also must follow the procedural rules and meet their discovery obligations. I therefore grant Yuneec's motion to strike and I exclude the evidence attached to SMG's reply brief. As a result, I deny as moot Yuneec's motion for leave to file a surreply.

**B. Copyright Claims**

To prevail on its copyright infringement claims, SMG must show that (1) it "owns the copyright in the infringed work," and (2) Yuneec "copied protected elements of the copyrighted work." *Williams v. Gaye*, 895 F.3d 1106, 1119 (9th Cir. 2018). "There can be no proof of substantial similarity and thus of copyright infringement unless [SMG's] works are juxtaposed with [Yuneec's] and their contents compared." *Seiler v. Lucasfilm, Ltd.*, 808 F.2d 1316, 1319 (9th Cir. 1986) (internal quotation marks omitted).

Because the late-disclosed photographs are excluded, SMG cannot show what images it has copyrighted or that Yuneec copied any of those images. I therefore deny SMG's motion for summary judgment on liability and grant Yuneec's motion on SMG's infringement claims.

Even if I considered the late-disclosed evidence, SMG's copyright claims have numerous fatal defects. SMG still has not pointed to a particular photograph it has copyrighted and evidence showing Yuneec copied it. It is not my job to hunt through evidence to find supposedly infringing material and then compare that to the late-disclosed photographs. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (stating district courts need not "scour the record in search of a genuine issue of triable fact" (quotation omitted)). And although Yuneec admits it has used some SMG images in its marketing materials,[2] Yuneec has not identified what images it used, so it remains unclear whether these particular images were copyright registered.

Additionally, SMG cannot show actual damages and it is not entitled to statutory damages or attorney's fees. Under 17 U.S.C. § 504(b), a copyright owner may recover "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." With respect to the infringer's profits, "the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." 17 U.S.C. § 504(b). Alternatively, a copyright owner can recover statutory damages. *Id.* §§ 504(a), (c). A copyright owner also can recovery attorney's fees. *Id.* § 505.

---

[2] ECF No. 12 at 12 (Yuneec's counterclaim alleging that "[i]n reliance on the copyright license entered into between the parties, Yuneec incorporated the licensed images, video and/or audio into numerous presentations and printed materials"). The license pre-dates the registration, and it is unclear what images Yuneec had access to, which ones it used, and whether those copyright registered.

However, a copyright owner cannot recover statutory damages or attorney's fees unless the copyrighted work was "registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work." *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 699 (9th Cir. 2008). Specifically, § 412 states:

> In any action under this title, other than an action brought for a violation of the rights of the author under section 106A(a), an action for infringement of the copyright of a work that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement, or an action instituted under section 411(c), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for--
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Publication means "the distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101. The definition also provides that "[t]he offering to distribute copies . . . to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." *Id.* The "first act of infringement in a series of ongoing infringements of the same kind marks the commencement of one continuing infringement under § 412." *Derek Andrew, Inc.*, 528 F.3d at 701 (emphasis omitted).

As to actual damages, SMG again failed to comply with its obligations under the Rules because it did not provide a proper computation of damages as required by Rule 26(a)(1)(A)(iii). *See* ECF No. 55-4 at 8. Federal Rule of Civil Procedure 26(a)(1)(A)(iii) provides that

> a party must, without awaiting a discovery request, provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . .

7

In its initial disclosure, SMG stated that it "believes" that it was damaged "in excess of several million dollars considering that its images have been used by Yuneec and other third parties that Yuneec has allowed to use the same." ECF No. 55-4 at 8. But SMG provided no computation to show how it determined that it had been damaged to the tune of "several million dollars," nor did it produce or identify documents to support that amount. SMG's supplemental disclosure merely repeated the same language. ECF No. 68-3.

SMG again does not show that its failure is substantially justified or harmless. SMG is at least at fault because some evidence of damages would be within its possession, and it did not timely move to compel the production of damages evidence within Yuneec's possession. It is too late in the litigation to reopen discovery, and SMG's amorphous damages computation does not enable Yuneec to prepare for trial or evaluate settlement with respect to actual damages. SMG therefore could not offer evidence of actual damages at trial.

SMG also does not qualify for statutory damages or attorney's fees. First, to the extent SMG contends its photographs are unpublished works, it presents no evidence that Yuneec first infringed on them after the January 18, 2018 copyright registration. To the contrary, SMG takes the position that Yuneec infringed by at least September 2017 when, according to Pidgen, "Yuneec's commercial website went live" and "SMG images were used throughout the website with no mention or attribution to SMG, even though that had been requested by SMG as a condition of their use." ECF No. 58-1 at 4. SMG believed Yuneec had infringed at least by January 5, 2018, when SMG sent a cease and desist letter. ECF No. 58-9.

To the extent SMG contends its works were published, it does not identify when they were first published. The evidence shows that SMG made images available for Yuneec to use in

marketing in June 2017.[3]  SMG did not register its works until after the cease and desist letter and more than three months after images were first shared with Yuneec for use in marketing.[4]  ECF Nos. 58-9; 66 at 12.

Finally, there is no evidence that Yuneec's infringement is anything other than "a series of ongoing infringements of the same kind," and thus Yuneec's first alleged infringement in either September 2017 or early January 2018 "marks the commencement of one continuing infringement under § 412." *Derek Andrew, Inc.*, 528 F.3d at 701.  No genuine dispute remains that SMG is not eligible to recover statutory damages or attorney's fees for any infringement.

SMG argues it qualifies for statutory damages because it registered its photographs within one month of when it first learned of Yuneec's infringement.  SMG's argument is premised on the exception in § 412 for an action for infringement of the copyright of a work "that has been preregistered under section 408(f) before the commencement of the infringement and that has an effective date of registration not later than the earlier of 3 months after the first publication of the work or 1 month after the copyright owner has learned of the infringement."  There is no evidence that SMG preregistered its work, so this language does not apply.[5]

---

[3] *See, e.g.*, ECF Nos. 58-4 at 2 (June 2017 email from Pidgen to Yuneec stating SMG was giving "full permissions to the Yuneec global marketing team to access and download the images," and stating that "Yuneec has the right to use anything we upload to the server that is shared via various Yuneec email addresses"); 58-5 (December 2017 email from Pidgen to Yuneec stating that she saw "no benefit to SMG to further allow free access to the myriad of digital content that has been provided in the last year; this includes all photos and videos"); 58-7 (December 2017 email from Pidgen to Yuneec stating that she "sent over an invoice and formal rights agreement for content SMG has provided to Yuneec over the past 10 months").

[4] Again, it is unclear from the evidence what images SMG made available to Yuneec and whether those images are part of the copyright registered material.

[5] SMG mentions that Yuneec continues to infringe. However, the complaint did not request injunctive relief and SMG has not argued its copyright claims should proceed on the basis of obtaining injunctive relief.

### C. Rule 56(d)

SMG makes a one-sentence reference to Federal Rule of Civil Procedure 56(d) and incorporates by reference its separately filed motion to compel. ECF No. 59 at 28. Magistrate Judge Weksler denied the motion to compel. ECF No. 75. Additionally, SMG failed to identify what facts it believes it would uncover through discovery and how those facts would preclude summary judgment. *See* ECF No. 57 at 2-7; *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). Finally, SMG fails to explain why it needs additional time to conduct discovery for information that should already be in its own hands, such as proof of its actual damages. Given SMG's lack of diligence in pursuing discovery or moving to compel, I deny the Rule 56(d) request. *See Qualls By & Through Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (stating that to obtain relief, a movant must have "diligently pursued its previous discovery opportunities" (emphasis omitted)).

### D. Breach of Contract

The parties did not move for summary judgment on Yuneec's breach of contract counterclaim. That claim remains pending.

## II. CONCLUSION

I THEREFORE ORDER that defendant Yuneec USA, Inc.'s motion to strike **(ECF No. 68) is GRANTED**.

I FURTHER ORDER that defendant Yuneec USA, Inc.'s motion for leave to file a surreply **(ECF No. 70) is DENIED as moot**.

I FURTHER ORDER that plaintiff Sundance Media Group, LLC's motion for summary judgment **(ECF No. 58) is DENIED**.

I FURTHER ORDER that defendant Yuneec USA, Inc.'s motion for summary judgment **(ECF No. 55) is GRANTED**.

DATED this 11th day of September, 2020.

                                                  ANDREW P. GORDON
                                                  UNITED STATES DISTRICT JUDGE