PAUL S. PADDA, ESQ. (NV Bar #10417)
    email:  psp@paulpaddalaw.com
**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

DOUGLAS Q. HAHN (admitted *pro hac vice*)
    email:  dhahn@sycr.com
**STRADLING YOCCA CARLSON & RAUTHatC.**
660 Newport Center Drive, Suite 1600
Newport Beach, California 92660
Tel:  (949) 725-4000
Fax:  (949) 725-4100

Attorneys for Defendant
Yuneec USA, Inc.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SUNDANCE MEDIA GROUP, LLC, | CASE NO. 2:18-cv-00388-APG-BNW |
| Plaintiff, | Honorable Andrew P. Gordon |
| vs. | **YUNEEC USA, INC.'S MOTION FOR ATTORNEYS' FEES** |
| YUNEEC USA, INC., Does I through X and Roe Corporations I through X Inclusive, | |
| Defendant. | Complaint Filed:  March 2, 2018 |
| YUNEEC USA, INC., | |
| Counterclaim-Plaintiff, | |
| vs. | |
| SUNDANCE MEDIA GROUP, LLC, | |
| Counterclaim-Defendant. | |

# TABLE OF CONTENTS

MOTION FOR ATTORNEYS' FEES .................................................................................1

I.      INTRODUCTION .................................................................................................1

II.     FACTUAL BACKGROUND ................................................................................2

III.    ARGUMENT ........................................................................................................4

        A.      An Award of Attorney's Fees Is Appropriate In This Case....................4

        B.      Fees Are Required Given SMG's Failures ............................................5

        C.      Fees Are Appropriate In This Case Even Under the Discretionary Standard.......6

                1.      Yuneec's Was Successful in Defeating SMG's Claims .............6

                2.      SMG's Case Was Frivolous................................................7

                3.      SMG's Motivation ............................................................8

                4.      SMG's Case Was Not Objectively Reasonable. ....................8

                5.      Compensation and Deterrence ........................................11

        D.      The Amount Of Fees Is Proper .........................................................12

                1.      Reasonableness of Hours Expended ...................................12

                2.      Reasonableness of Hourly Rates.......................................13

                3.      This Fee Request Is Confirmed By The Kerr Factors and Local
                        Rule 54-14.................................................................15

IV.     CONCLUSION.................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.D. v. California Highway Patrol*,
   712 F.3d 446 (9th Cir. 2013) ...................................................................11

*Actuate Corp. v. Aon Corp.*,
   No. C 10-05750 WHA, 2012 U.S. Dist. LEXIS 118346
   (N.D. Cal. Aug. 21, 2012).......................................................................11

*Baker v. Baker*,
   LA CV 16-08931 VAP, 2018 U.S. Dist. LEXIS 225907
   (C.D. Cal. Aug. 31, 2018).................................................................9, 10

*Banas v. Volcano Corp.*,
   47 F. Supp. 3d 957 (N.D. Cal. 2014) ....................................................15

*Blum v. Stenson*,
   465 U.S. 886 (1984)...............................................................................13

*Brunzell v. Golden Gate National Bank*,
   455 P.2d 31 (Nev. 1969) ........................................................................15

*Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*,
   532 U.S. 598 (2001).................................................................................4

*Cadkin v. Loose*,
   569 F.3d 1142 (9th Cir. 2008) .................................................................4

*Camacho v. Bridgeport Financial, Inc.*,
   523 F.3d 973 (9th Cir. 2008) ...........................................................12, 13

*Carson v. Billings Police Dep't*,
   470 F.3d 889 (9th Cir. 2006) .................................................................14

*Carter v. Caleb Brett LLC*,
   757 F.3d 866 (9th Cir. 2014) .................................................................12

*Contessa Food Prods. v. Lockpur Fish Processing Co.*,
   123 Fed. App'x. 747 (9th Cir. 2005) ......................................2, 5, 6, 10

*Crew-Jones v. State Farm Mut. Auto. Ins. Co.*,
   No. 2:11-cv00203-GMN, 2012 WL 1947967 (D. Nev. May 30, 2012)..............................14

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ii

YUNEEC'S MOTION FOR ATTORNEYS FEES

4831-0035-9887v9/104119-0002

18-cv-00388

*Doc's Dream, LLC v. Dolores Press, Inc.*,
  959 F.3d 357 (9th Cir. 2020) ...................................................................................4

*Gavaldon v. Std. Chtd. Bank Int'l*,
  Case No.: 16cv590-LAB (MDD), 2020 U.S. Dist. LEXIS 30208
  (S.D. Cal. Feb. 20, 2020) .......................................................................................12

*Glacier Films (USA), Inc. v. Turchin*,
  896 F.3d 1033 (9th Cir. 2018) .................................................................................6

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983).................................................................................................12

*Identity Arts v. Best Buy Enter.*,
  No. C 05-4656 PJH, 2008 U.S. Dist. LEXIS 119865
  (N.D. Cal. Mar. 26, 2008) ........................................................................................8

*Ilick v. Miller*,
  68 F. Supp. 2d 1169 (D. Nev. 1999) .......................................................................13

*Ingram v. Oroudjian*,
  647 F.3d 925 (9th Cir. 2011) .............................................................................11, 14

*Inhale, Inc. v. Starbuzz Tobacco, Inc.*,
  755 F.3d 1038 (9th Cir. 2014) .................................................................................5

*Int'l Inst. of Mgmt. v. Org. for Econ. Cooperation & Dev.*,
  Case No. 2:18-cv-01748-JCM-GWF, 2019 U.S. Dist. LEXIS 186907 (D. Nev.
  Oct. 29, 2019) .....................................................................................................9, 18

*Intel Corp. v. Terabyte Int'l, Inc.*,
  6 F.3d 614 (9th Cir. 1993) ......................................................................................12

*In re Kekauoha-Alisa*,
  674 F.3d 1083 (9th Cir. 2012) ................................................................................11

*Kerr v. Screen Extras Guild, Inc.*,
  526 F.2d 67 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976)..........................15

*Liberty Media Holdings, LLC v. FF Magnat Ltd.*,
  No. 2:12-CV01057-GMN, 2012 WL 3834744 (D. Nev. Sept. 4, 2012) ..............14

*Maljack Prods. Inc. v. GoodTimes Home Video Corp.*,
  81 F.3d 881 (9th Cir. 1996) ......................................................................................8

*Marrocco v. Hill*,
  291 F.R.D. 586 (D. Nev. 2013)................................................................................14

*Mattel Inc. v. Walking Mtn. Productions*,
  353 F.3d 792 (9th Cir. 2003) ..................................................................................11

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

iii

YUNEEC'S MOTION FOR ATTORNEYS FEES

4831-0035-9887v9/104119-0002

18-cv-00388

*Matthew Bender & Co. v. West Publ'g Co.*,
    240 F.3d 116 (9th Cir. 2001) ...................................................................7

*Mayweather v. Wine Bistro*,
    No. 2:13-cv-210-JAD-VCF, 2014 WL 6882300 (D. Nev. Dec. 4, 2014) ..........14

*McGrath v. County of Nev.*,
    67 F.3d 248 (9th Cir. 1995) .................................................................12

*Nitsch v. DreamWorks Animation SKG Inc.*,
    No. 14-CV-04062-LHK, 2017 U.S. Dist. LEXIS 86124
    (N.D. Cal. June 5, 2017) ....................................................................14

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    NO. C 04-00371 JW, 2005 U.S. Dist. LEXIS 48013
    (N.D. Cal. Aug. 12, 2005) ...................................................................8

*San Fernando Lenders, LLC v. Compass USA SPE LLC (In re United States*
    *Commer. Mortg. Co.)*,
    No. 2:07-CV-892-RCJ-GWF-BASE, 2013 U.S. Dist. LEXIS 108183
    (D. Nev. July 30, 2013) ......................................................................14

*Shame On You Prods. v. Banks*,
    893 F.3d 661 (9th Cir. 2018) ............................................................6, 10

*Shame on You Prods. v. Banks*,
    CV 14-03512-MMM, 2016 U.S. Dist. LEXIS 195690
    (C.D. Cal. Aug. 15, 2016) ...................................................................18

*Tresóna Multimedia, LLC v. Burbank High School Vocal Music Ass'n*,
    953 F.3d 638 (9th Cir. 2020) ..........................................................4, 5, 6

*Velasquez v. 2048 Partners, LLC*,
    Case No. 18-cv-06184-JD, 2020 U.S. Dist. LEXIS 100275
    (N.D. Cal. June 5, 2020) ....................................................................9

*Wall Data Inc. v. L.A. Cty. Sheriff's Dep't*,
    447 F.3d 769 (9th Cir. 2006) ............................................................6, 11

*Wyatt v. Terhune*,
    315 F.3d 1108 (9th Cir. 2003) ..............................................................4

*Wynn v. Chanos*,
    No. 14-CV-04329-WHO, 2015 U.S. Dist. LEXIS 80062
    (N.D. Cal. June 19, 2015) ...................................................................15

**Statutes**

17 U.S.C. §504 ...............................................................................10

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

iv

YUNEEC'S MOTION FOR ATTORNEYS FEES

4831-0035-9887v9/104119-0002

18-cv-00388

17 U.S.C. §505.................................................................................................... *passim*

Copyright Act...................................................................................................... *passim*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**MOTION FOR ATTORNEYS' FEES**

Defendant and Counterclaim-Plaintiff Yuneec USA, Inc. ("Yuneec"), by and through its attorneys of record, hereby submits this Motion for Attorneys' Fees pursuant to 17 U.S.C. §505. This Motion is based upon the below Memorandum of Points and Authorities, the Declarations of Douglas Q. Hahn and Paul S. Padda, the papers and pleadings of records, and any oral argument permitted, should a hearing be scheduled.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Sundance Media Group, LLC ("SMG") sued Yuneec for copyright infringement and contributory copyright infringement in March 2018.  As a result, the parties found themselves locked in an ill-conceived litigation lasting over 2.5 years, allegedly based on the infringement of SMG's purported copyrighted yet unidentified media.  Despite the heart of SMG's claims being tied to its allegedly infringed photographs, throughout the entire 2.5 years this litigation proceeded, SMG never identified or produced the allegedly protected and infringed photographs.

On September 11, 2020, this Court granted summary judgment finding that SMG did not carry its burden to show "what images it has copyrighted or that Yuneec copied any of those images."  (ECF No. 76 at 6.)  Further the Court went on to rule that as a matter of law "SMG cannot show actual damages and it is not entitled to statutory damages" on its copyright claims. (*Id.*)  In reaching these findings the Court analyzed the record and the necessary elements for a plaintiff to maintain a claim for copyright infringement.  The Court determined that based on the record as it stood at the time the parties filed competing summary judgement motions, SMG could not support even the basic elements of its infringement claims.  Further still, many of these basic elements, such as the actual photographs protected under SMG copyright registration, were in SMG's exclusive control and never produced into evidence.

It is a matter of statutory law that, where a case does not further the aims of the Copyright Act, a court may award fees to a prevailing defendant.  According to the Ninth Circuit, this result becomes mandatory in a case such as this—where the party alleging infringement can point to nothing in the record showing infringement or damages, let alone an

-1-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002

18-cv-00388

1  actual copyrighted work.  *Contessa Food Prods. v. Lockpur Fish Processing Co.*, 123 Fed.

2  App'x. 747, 750-751 (9th Cir. 2005)

3      As explained below, SMG's entire case was entirely baseless, frivolous, and objectively

4  unreasonable.  Having defeated Plaintiff's copyright infringement claims, particularly in light of

5  SMG's insistence on increasing expenditures and refusing to negotiate any alternate resolutions,

6  Yuneec now moves this Court for an award of its attorneys' fees under 17 U.S.C. §505 in the

7  amount of $195,491.20 and $2,146.43 in costs.

8  **II.      FACTUAL BACKGROUND**

9      In June of 2017, Yuneec and SMG negotiated for Yuneec to begin using certain images

10  of Yuneec's drones that were allegedly owned by SMG. To that end, Michael Kahn (Yuneec

11  USA's then CEO) reached out to Jennifer Pidgen (Owner of SMG) for clarification on the terms

12  of use for the SMG images. (ECF No. 55-2.) Ms. Pidgen responded by email on June 20, 2017

13  that "Yuneec has a license to use the images" and that "usage is unlimited and non-exclusive for

14  up to 1-year from today."  (*Id.*)

15      In December 2017 and despite granting Yuneec a one-year license, Ms. Pidgen sent an

16  email purporting to terminate the parties' agreement and demanding that Yuneec either remove

17  all SMG content within 15 days or execute a formal licensing agreement along with a $90,000

18  payment to SMG. (ECF No. 55-3.)  On March 2, 2018, SMG filed the instant Complaint for

19  "Direct Copyright Infringement" and "Contributory Copyright Infringement."  (ECF No. 1.)  In

20  that Complaint, SMG asserts that Yuneec has infringed its copyright through its allegedly

21  unauthorized use of certain images. (*Id.* at ¶¶ 42-43.)  Plaintiff did not attach either the copyright

22  registration or the photographs allegedly protected by said registration to its Complaint. (*See*

23  ECF No. 1.)  Further, the images SMG alleges Yuneec used, were also not identified in the

24  Complaint and, as this Court is aware, were never identified during the course of this litigation.

25  Discovery closed on June 19, 2019 but SMG still had not produced its alleged copyright

26  registration, copyright deposit material, evidence of which images were infringing or any

27  evidence supporting SMG's damages. (*See* ECF Nos. 55-1, 55-4, 55-4.)

28

Stradling Yocca
Carlson & Rauth
LAWYERS
Newport Beach

-2-
YUNEEC'S MOTION FOR ATTORNEYS' FEES
4831-0035-9887v9/104119-0002                                                    18-cv-00388

1    On October 23, 2019, Yuneec moved for summary judgment based on, *inter alia*, the fact

2  that SMG never disclosed the copyrighted material and therefore could not prove the underlying

3  work or that Yuneec copied it.  (ECF No. 55.)  On November 13, 2019, SMG filed an opposing

4  summary judgment motion and an opposition to Yuneec's motion.  (ECF Nos. 58 and 59.)  SMG

5  did not attach its allegedly copyrighted photographs to either of these motions.  (*Id.*) Instead, on

6  December 19, 2019, SMG attempted to sneak the alleged photographs into the record in its

7  Reply supporting its own summary judgement motion.  (ECF No. 66.)  Yuneec moved to strike

8  the late produced photographs and all related arguments.  (ECF No. 68.)  Finding the late

9  production of evidence "not substantially justified" nor "harmless," the Court granted Yuneec's

10  motion to strike.  (ECF No. 76 at 3-5.)

11    In ruling on the cross summary judgement motions, the Court denied SMG's motion for

12  summary judgment and granted Yuneec's motion.  (*Id.* at 6.)  The Court agreed with Yuneec,

13  that SMG never "pointed to a particular photograph it has copyrighted and evidence showing

14  Yuneec copied it." (*Id.*)  Further the Court affirmed that SMG could not show actual damages

15  and was not entitled to statutory damages or attorneys' fees. (*Id.*)

16    During the course of this litigation, SMG has communicated that it would receive a

17  judgement north of $30 Million from Yuneec, demanded over $2 million to settle, refused to

18  participate in ADR, as a plaintiff issued an offer of judgment of $400,000, and an amended offer

19  of judgement of $175,000.  (*See*, October 26, 2020 Declaration of Douglas Q. Hahn ("Hahn

20  Decl."), ¶4.)  In contrast, Yuneec offered to forego the attorneys' fees the Court ordered SMG to

21  pay in relation to the default in exchange for a mutual dismissal of all claims.  (*Id.* at ¶5.)

22  Yuneec again offered a mutual walk away later in the case and even for the parties to engage in

23  mediation, to resolve this dispute.  (*Id*.)  Both offers were rejected by SMG.  (*Id*.)  Even after

24  winning against SMG's motion to compel, Yuneec issued an offer of judgment where it would

25  pay SMG $10,000 to resolve this dispute.  (*Id*.)  SMG rejected that offer as well.  (*Id*.)

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-3-

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002

18-cv-00388

1    All told, Yuneec has incurred $195,491.20 in attorney's fees to successfully defend this

2    case.[1]  As shown below, given the frivolous nature of this case, the lack of understanding of the

3    worth of SMG's alleged claims, the dereliction of duty with which it was prosecuted and the

4    disregard for numerous, fair settlement offers, Yuneec should be awarded its reasonable

5    attorney's fees.

6    **III.    ARGUMENT**

7        **A.    An Award of Attorney's Fees Is Appropriate In This Case**

8        Section 505 of the Copyright Act allows a district court to award a "reasonable attorney's

9    fee" and costs to the prevailing party[2].  *See* 17 U.S.C. § 505; *Tresóna Multimedia, LLC v.*

10   *Burbank High School Vocal Music Ass'n*, 953 F.3d 638, 653 (9th Cir. 2020).  Specifically, "any

11   action that turns on the existence of a valid copyright and whether that copyright has been

12   infringed sufficiently invokes the Copyright Act as to allow for the discretionary award of

13   attorney's fees."  *Doc's Dream, LLC v. Dolores Press, Inc.*, 959 F.3d 357, 363 (9th Cir. 2020).

14       "[D]efendants who seek to advance a variety of meritorious copyright defenses should be

15   encouraged to litigate them to the same extent that plaintiffs are encouraged to litigate

16   meritorious claims of infringement."  *Tresóna*, 953 F.3d at 653 (citing *Fogerty v. Fantasy, Inc.*,

17

18   [1] This total does not include any fees relating to obtaining the default, moving for default judgement and opposing the motion to set aside the default, which were previously awarded to

19   Yuneec.  Further, in good faith, Yuneec has also excluded from this calculations fees relating to the opposed motion to stay proceeding pending the resolution of the set aside and the motion for

20   attorneys' fees, relating to the default.  (Hahn Decl., ¶ 17.)

21   [2] A "prevailing party" is one "in whose favor a judgment is rendered, regardless of the amount of damages awarded [or] one who has been awarded some relief by the court."  *Buckhannon Board*

22   *and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598 (2001).  The key inquiry is whether some court action has created a "material alteration of the

23   legal relationship of the parties."  *Id.* at 603-604; *Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2008) ("[A] defendant is a prevailing party [under § 505] following dismissal of a claim if the

24   plaintiff is judicially precluded from refiling the claim against the defendant in federal court.").  A summary judgment order is a determination on the merits that cannot later be re-filed.  *See*

25   *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).  Here, SMG filed claims for copyright infringement and contributory copyright infringement, which the Court dismissed on the merits

26   via summary judgment.  (*See* ECF No. 76, Order.)  As the summary judgment is a determination on the merits that cannot later be filed, SMG is "precluded from refiling the claim against

27   [Yuneec] in federal court."  *Cadkin*, 569 F.3d at 1150.  For these reasons, Yuneec is the prevailing party.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002                                                      18-cv-00388

510 U.S. 517, 527 (1994)).  "The touchstone of the decision to award attorneys' fees is whether the successful defense, and the circumstances surrounding it, further the Copyright Act's 'essential goals.'"  *Id.* (citing *Kirtsaeng v. John Wiley & Sons, Inc*, 136 S. Ct. 1979, 1989 (2016).  Indeed, "[a] successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does."  *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1043 (9th Cir. 2014).

### B. Fees Are Required Given SMG's Failures

The Ninth Circuit has held that where a party fails or refuses to present any evidence in support of its claims for copyright infringement, a fee award for a successful defendant is mandatory, rather than discretionary, as "[i]t does not further the aims of the Copyright Act to force a party to defend itself against a charge of copyright infringement when the proponent of the copyright can produce no evidence from which a reasonable inference can be drawn that the party engaged in any infringing activity."  *Contessa Food Prods*, 123 Fed. App'x at 750 (9th Cir. 2005) (citing *Fogerty*, 510 U.S. at 526-27, 534 n. 19).

In *Contessa Food*, the Ninth Circuit affirmed summary judgment in defendant's favor as to plaintiff's allegations of infringement.  The plaintiff asserted that several co-defendants were liable for the contributory infringement of its copyright based upon another defendant's supposed direct infringement.  *Id.* at 479-50.  The court found that there was "no admissible evidence in the record that [Defendants] ever possessed, let alone distributed, the allegedly infringing packaging."  Instead, plaintiff relied entirely on speculation, which could not survive summary judgment.  *Id.*

The Ninth Circuit affirmed summary judgment, but reversed the district court for abuse of discretion in denying fees.  The court reasoned as follows:

> Because there is no admissible evidence in the record that [Defendants] ever possessed, let alone distributed, the allegedly infringing packaging, the district court abused its discretion in denying their request for attorneys' fees. Accordingly, we remand to the district court for an individualized determination of the total amount of reasonable attorney's fees each incurred in defending against Contessa's copyright claims.

YUNEEC'S MOTION FOR ATTORNEYS' FEES

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4831-0035-9887v9/104119-0002

18-cv-00388

1    *Id.* at 750-51 (citations omitted).

2         The exact same reasoning applies to this case as well. SMG failed to produce any

3    evidence to support its substantive claims.  Notably this evidence was in SMG's exclusive

4    control.  As the plaintiff, the burden was on SMG to diligently prosecute its claims by

5    establishing that it had a protectable right, here allegedly in certain photographs, and that Yuneec

6    infringed that right by copying those photographs without permission.  Further, it was SMG's

7    burden to establish that it was entitled to damages pursuant to the Copyright Act.  As the Court

8    has already found in its Order, SMG failed to carry any of those burdens.  (ECF No. 76 at 7-8.)

9    Here, SMG's failures to introduce any admissible evidence showing direct or contributory

10   infringement resulted in SMG losing on summary judgment—exactly as the plaintiff did in

11   *Contessa Food*.  *Id.*  But for SMG's failures, Yuneec would not have had to expend almost

12   $200,000 in fees.  Thus, the Court should grant this motion, as it does not "further the aims of the

13   Copyright Act to force a party to defend itself against a charge of copyright infringement when

14   the proponent of the copyright can produce no evidence from which a reasonable inference can

15   be drawn that the party engaged in any infringing activity."  *Id.* at 750.

16        **C.    Fees Are Appropriate In This Case Even Under the Discretionary Standard**

17        Even if this motion were considered based on the discretion of the Court, fees should still

18   be awarded to Yuneec.  When exercising its discretion in awarding fees under Section 505, the

19   Court "may consider (but [is] not limited to) five factors in making an attorneys' fees

20   determination . . . (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4)

21   [objective] reasonableness of [the] losing party's legal and factual arguments, and (5) the need to

22   advance considerations of compensation and deterrence."  *Wall Data Inc. v. L.A. Cty. Sheriff's

23   Dep't*, 447 F.3d 769, 787 (9th Cir. 2006).  Substantial weight should be accorded to the fourth

24   factor.  *Shame On You Prods. v. Banks*, 893 F.3d 661, 666 (9th Cir. 2018) (citing *Kirtsaeng*, 136

25   S. Ct. at 1985, 1989)).

26        **1.    Yuneec's Was Successful in Defeating SMG's Claims**

27        Yuneec's complete success in defeating SMG's claims weighs in favor of an award of

28   attorneys' fees.  *Tresóna*, 953 F.3d at 653; *Shame on You* 893 F.3d at 667; *Glacier Films (USA),*

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-6-

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002                                        18-cv-00388

*Inc. v. Turchin*, 896 F.3d 1033, 1038 (9th Cir. 2018).  Here, the Court granted summary

judgment as to all of SMG's claims.  (ECF. No. 76.)  This total success was not made on

technical grounds but legal and factual based on the Copyright Act itself, specifically SMG's

failure to produce evidence through which it could establish either infringement or damages.

(*See id.*)  Thus, Yuneec succeeded on the merits, or lack thereof, of the case.  Yuneec's total

success thus weighs in favor of awarding fees under Section 505.

**2.     SMG's Case Was Frivolous**

"[B]ad faith in the conduct of the litigation is a valid ground for an award of fees."

*Matthew Bender & Co. v. West Publ'g Co.*, 240 F.3d 116, 125 (9th Cir. 2001); see also *id.* at 126

("Misconduct before or during litigation can, in appropriate cases, provide the basis for an award

of fees.").  Where a motion is "frivolous, lacking any plausible merit, an award of attorneys' fees

may [be] an appropriate sanction."  *Id.*  The record in this case is replete with instances of

SMG's frivolous conduct in litigating this case that resulted in substantial delay and waste.  First,

SMG failed to respond to Yuneec's counterclaim and even after receiving a letter warning that

Yuneec would move for default, nonetheless failed to respond.  Next, despite the fact that its

default was yet not set aside because SMG had not made the Court ordered payment, SMG took

the position that the case was active and still missed each of its deadlines, including its deadline

to serve initial disclosures.  In hopes of injuring Yuneec's defense, SMG refused any effort to

seek guidance from the Court or reset the case schedule.  After Yuneec moved for summary

judgment, SMG realized its evidentiary failures and filed a motion to compel, despite the fact

that discovery had closed nearly 6 months earlier, which resulted in the denial of the motion.

SMG also filed its own motion for summary judgment despite having no evidence to support a

claim for infringement.  This Court denied that motion, finding that SMG never "pointed to a

particular photograph it has copyrighted and evidence showing Yuneec copied it."  (ECF No. 76

at 6.).  SMG also affirmatively tried to introduce its evidence on its own summary judgment

reply, which was rejected for its impropriety and because SMG failed to oppose Yuneec's

motion to strike.  Finally, even after losing on its motion compel and knowing that it had no

evidence to establish its case, SMG still rejected Yuneec's Rule 68 Offer of Judgment in the

-7-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002                                              18-cv-00388

1    amount of $10,000 despite the obvious fact that it could not obtain any award and was simply

2    wasting the Court's and Yuneec's time.  SMG's frivolous conduct in litigating this case weighs

3    in favor of granting Yuneec its attorneys' fees.

**3.    SMG's Motivation**

5    SMG's motivation in continuing to pursue this action was not to protect its rights, as

6    Yuneec had no intent of using any (unidentified) SMG images and repeatedly sought to resolve

7    the dispute.  Instead, SMG held hopes of finding a pot of gold at the end of the rainbow.

8    Specifically, SMG inexplicably claimed that it was entitled to "several million dollars."  (*See*

9    ECF No. 76 at 7-8.)  This aspiration, however, was based on a flawed understanding of statutory

10   damages available under the Copyright Act.  A claim is "clearly baseless" where it involves

11   "fantastic or delusional scenarios." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, NO. C 04-00371

12   JW, 2005 U.S. Dist. LEXIS 48013, at *4 (N.D. Cal. Aug. 12, 2005) (quoting *Neitzke v. Williams*,

13   490 U.S. 324, 327- 28 (1989)).  "This factor tips in favor of an award of attorneys' fees where it

14   is demonstrated that a plaintiff's motivation in alleging copyright claims is to secure benefits

15   other than merely redressing grievances — i.e., where plaintiff has an improper motivation."

16   *Identity Arts v. Best Buy Enter.*, No. C 05-4656 PJH, 2008 U.S. Dist. LEXIS 119865, at *15

17   (N.D. Cal. Mar. 26, 2008); *see also Maljack Prods. Inc. v. GoodTimes Home Video Corp.*, 81

18   F.3d 881, 889 (9th Cir. 1996).

19   Here, SMG's seeking of statutory damages under the Copyright Act was meritless as

20   there was no reasonable basis to pursue such claims. As the Court confirmed, SMG "does not

21   qualify for statutory damages." (ECF No. 76 at 8.)  SMG produced no evidence that Yuneec first

22   infringed after its registration date.  (*Id*.)  Instead the evidence shows that SMG filed its

23   copyright registration after Yuneec's alleged infringement and months after it provided

24   photographs to Yuneec for its marketing. (*Id*.) SMG's suspect motivation in bringing and

25   continuing this case weighs in favor of granting attorney's fees.

**4.    SMG's Case Was Not Objectively Reasonable.**

27   Courts in this Circuit understand that "a claim is objectively unreasonable when the party

28   asserting it 'should have known from the outset that its chances of success in this case were slim

-8-

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1   to none.'" *Velasquez v. 2048 Partners, LLC*, Case No. 18-cv-06184-JD, 2020 U.S. Dist. LEXIS

2   100275, at *2 (N.D. Cal. June 5, 2020) (citing *SOFA Entertainment, Inc. v. Dodger Prods., Inc.*,

3   709 F.3d 1273, 1280 (9th Cir. 2013)).  "A claim that is not objectively unreasonable at the outset

4   can become so if the litigant continues to pursue it when the litigant knew or should have known

5   that the chance of success was slim to none." *Int'l Inst. of Mgmt. v. Org. for Econ. Cooperation

6   & Dev.*, Case No. 2:18-cv-01748-JCM-GWF, 2019 U.S. Dist. LEXIS 186907, at *7-8 (D. Nev.

7   Oct. 29, 2019) (citation omitted).

8         As laid out above and in the Court's order granting summary judgment, SMG sued for

9   infringement of alleged copyrighted material, despite expressly licensing that content to Yuneec.

10  Asserting a claim for copyright infringement in the face of an express license, is on its own

11  objectively unreasonable. *Baker v. Baker*, LA CV 16-08931 VAP (JPRx), 2018 U.S. Dist.

12  LEXIS 225907, at *15-17 (C.D. Cal. Aug. 31, 2018) (finding claim unreasonable where plaintiff

13  failed to provide evidence that alleged copyright was registered, and where court found that

14  plaintiff had provided an implied license for defendant's use of the copyright).  This is not,

15  however, the only unreasonable position SMG has taken in this matter.

16        From the outset, SMG failed to prosecute its case.  It failed to meet any discovery

17  deadlines, and failed to actively seek the documents it alleged were necessary for its case.  SMG

18  also failed to produce any evidence to support its substantive claims.   As the plaintiff, the

19  burden was on SMG to diligently prosecute its claims by establishing that it had a protectable

20  right and that Yuneec infringed that right.  Further, it was SMG's burden to establish that it was

21  entitled to damages pursuant to the Copyright Act.  As the Court has already found in its Order,

22  SMG failed to carry any of those burdens.  (ECF No. 76 at 7-8.)  Following the close of

23  discovery, when SMG was precluded from supplementing the record, SMG's case was

24  objectively unreasonable as it "continue[d] to pursue [the case] when [it] knew or should have

25  known that the chance of success was slim to none." *Int'l Inst. of Mgmt.*, 2019 U.S. Dist. LEXIS

26  186907 at *7-8.

27        Further, SMG's damages case was also objectively unreasonable.  As discussed above,

28  had it properly read or researched the Copyright Act, SMG should have known before filing suit

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1    that it could not properly seek statutory damages in this action based on its registration being

2    filed months after that date that SMG claimed, in its Complaint, Yuneec's alleged infringement

3    began.  (*See* ECF No. 76 at 8-9.)  In fact, in assessing SMG's arguments on why it qualified for

4    statutory damages under the §412 exception, the Court clarifies that this exception is only

5    available to works preregistered under §408(f) and that SMG has presented no evidence that its

6    works were so preregistered.  (*Id*. at 9.)  The fact of whether or not SMG's works were

7    preregistered was entirely in SMG's control and it was objectively unreasonable, at the time of

8    filing suit, to seek statutory damages under an exception for which there was no way SMG

9    qualified.  Similarly, for actual damages SMG was obligated to provide a computation of

10   damages with its initial disclosures.  (*Id*. at 7-8.)  SMG never provided any such calculation or

11   any evidence to support that it had been damaged to the tune of "several million dollars."  (*Id*.) It

12   was objectively unreasonable to claim damages of several million dollars with no supporting

13   evidence.  *See*, 17 U.S.C. §504.

14          Courts facing similar circumstances have awarded fees based on the Plaintiff's failures.

15   *See, e.g.*, *Contessa*, 123 Fed. App'x. at 750-51 (fees proper where "there [was] no admissible

16   evidence in the record that [Defendants] ever possessed, let alone distributed, the allegedly

17   infringing package."); *Shame on You*, 893 F.3d at 667-68 (holding that Plaintiff's refusal to

18   produce allegedly infringed works until the eleventh hour demonstrated Plaintiff's unreasonable

19   positions); *Baker v. Baker*, LA CV 16-08931 VAP (JPRx), 2018 U.S. Dist. LEXIS 225907, at

20   *15-17 (C.D. Cal. Aug. 31, 2018) (finding claim unreasonable where plaintiff failed to provide

21   evidence that alleged copyright was registered, and where court found that plaintiff had provided

22   an implied license for defendant's use of the copyright).  Here, SMG's case was objectively

23   unreasonable, or at least became objectively unreasonable, purely through its own actions and

24   failures.  Despite having the alleged evidence in its exclusive control, SMG refused to produce

25   what was necessary for it to even have a remote chance of surviving summary judgment.  This

26   was made clear to SMG on multiple occasions, and SMG continued on its misguided path.  For

27   these reasons, this factor weighs heavily in favor of the Court using its discretion to award

28   Yuneec its fees in fending off this baseless litigation.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-10-

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002                                                18-cv-00388

1

### 5.    Compensation and Deterrence

2    The Court may also examine the factor of "the need to advance considerations of

3 compensation and deterrence." *Wall Data*, 447 F.3d at 787. "Considerations of compensation

4 and deterrence weigh in favor of granting attorney's fees when they advance the primary

5 objective of the Copyright Act and do not impose an inequitable burden on an impecunious

6 plaintiff." *Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 U.S. Dist. LEXIS 118346,

7 at *5 (N.D. Cal. Aug. 21, 2012) (citing *Fantasy Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir.

8 1996)); *see also Mattel Inc. v. Walking Mtn. Productions*, 353 F.3d 792, 816 (9th Cir. 2003).

9    SMG has forced Yuneec to defend what is now established as a totally baseless and

10 frivolous claim.  As explained above, SMG failed to diligently prosecute its own case, handle its

11 discovery obligations, and produce the most basic evidence in support of its claims.  As the

12 Court ruled, SMG is at fault for its failures and delays in this action.  (*See* ECF No. 76 at 5, 8.)

13    While SMG continued this tortured action, Yuneec tried on multiple occasions to resolve

14 this matter without the need to further expend the parties' or the Court's resources.  The various

15 opportunities for settlement made by Yuneec to SMG are relevant here, as settlement

16 negotiations may be considered for purposes of deciding a reasonable attorney fee award.  *See,*

17 *e.g.*, *A.D. v. California Highway Patrol*, 712 F.3d 446, 460-461 (9th Cir. 2013); *In re Kekauoha-*

18 *Alisa*, 674 F.3d 1083, 1094 (9th Cir. 2012); *Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir.

19 2011).  As explained above, SMG has failed to negotiate potential settlement in good faith, while

20 Yuneec has gone as far as to offer to forego its attorneys' fees for the default in exchange for a

21 mutual dismissal of all claims.  (Hahn Decl., ¶5.) Yuneec also offered a mutual walk away and

22 for the parties to engage in mediation, to resolve this dispute.  (*Id.*)  Both offers were rejected by

23 SMG.  (*Id.*)  Even after winning against SMG's motion to compel, Yuneec issued an offer of

24 judgment where it would pay SMG $10,000 to resolve this dispute.  (*Id.*)  SMG rejected that

25 offer as well.  (*Id.*)  As such, the Court should consider these various failures in its analysis.

26 Thus, this factor weighs in favor of granting Yuneec its attorney's fees.

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-11-

### YUNEEC'S MOTION FOR ATTORNEYS' FEES

1    All told, SMG's actions resulted in a substantial waste of time, effort, and resources by

2    everyone involved.  SMG must be deterred from making similar baseless claims, and a fee award

3    would further the aims of the Copyright Act.

4       **D.     The Amount Of Fees Is Proper**

5       When determining a reasonable fee award, the Court "first calculate[s] the lodestar by

6    multiplying the number of hours reasonably expended… by [the] reasonable hourly rate." *Carter*

7    *v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (quotation omitted).  A lodestar

8    determination is a two-step process. First, the total fee amount is calculated by multiplying the

9    number of hours invested in the case by counsel for the prevailing party, multiplied by a

10   reasonable hourly rate.  *McGrath v. County of Nev.*, 67 F.3d 248, 252 (9th Cir. 1995).  Second,

11   the court must evaluate the reasonableness of the monetary figure.  *Intel Corp. v. Terabyte Int'l,*

12   *Inc.*, 6 F.3d 614, 622-23 (9th Cir. 1993).  Here this Court has already undertaken a lodestar

13   determination earlier in this matter, which is to be considered law of the case.  (*See* ECF No. 53);

14   *see also Gavaldon v. Std. Chtd. Bank Int'l*, Case No.: 16cv590-LAB (MDD), 2020 U.S. Dist.

15   LEXIS 30208, *7 (S.D. Cal. Feb. 20, 2020) (holding earlier rulings on motions to dismiss

16   previous complaints "constitute law of the case, and are binding on the parties.").  This matter

17   has been ongoing for approximately 2.5 years resulting in hundreds of expended attorney hours.

18   As a result Yuneec has incurred $184,699.95 in fees from lead counsel, $10,791.25 in fees from

19   local counsel, and $2,146.43 in applicable cost.  (Hahn Decl., ¶ 17; October 23, 2020 Declaration

20   of Paul S. Padda ("Padda Decl."), ¶ 6.)  The total of these incurred fees and costs is $197,637.63.

21       **1.     Reasonableness of Hours Expended**

22       The reasonableness of hours expended depends on the specific circumstances of each

23   case. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).  A fee award

24   covers all hours "reasonably expended" in furtherance of the litigation.  *Hensley v. Eckerhart*,

25   461 U.S. 424, 431 (1983).

26       Here, this matter was led by senior shareholder Douglas Q. Hahn who determined how to

27   staff this matter depending on needs and availability.  Salil Bali was the senior associate/junior

28   shareholder staffed to help lead this matter and execute strategies.  Messrs. Hahn and Bali

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-12-

1  reviewed and analyzed the litigation when the firm was first selected to defend Yuneec, prepared

2  the case's strategy, directed all necessary research and led the drafting and preparation of all

3  briefings filed with the Court.  As the Court has recognized, "[t]his case involve[d] difficult legal

4  issues…" (ECF No. 53 at 2) and like other intellectual property matters, requires detailed

5  research and complicated analysis.  Plaintiff's posture and tactics in this matter forced Yuneec to

6  assess and research novel strategies for this litigation.  There was nothing rote or routine about

7  the course of this litigation.  As such the time expended by Yuneec's counsel in defending this

8  matter was reasonable and necessary given the circumstances.

9          Over the course of the past 2.5 years Yuneec's lead counsel billed a total of 334.4 hours

10  defending this matter.[3]  (Hahn Decl., ¶ 17.)  Mr. Hahn billed a total of 79 hours on this matter.

11  (*Id.* ¶18.) Mr. Bali billed a total of 143.3 hours on this matter.  (*Id.*)  During the pendency of this

12  matter a total of 112.1 hours of associate time and 1.2 hours of staff time was billed to defend

13  this case.  (*Id.*)  Copies of Yuneec's lead counsel's invoices are attached as Exhibit A to the

14  Hahn Declaration.  Further Yuneec's local counsel at Paul Padda Law, PLLC billed a total of

15  22.75 hours on this matter.  (*See* Padda Decl., ¶6.)  Copies of Paul Padda Law's invoices are

16  attached as Exhibit A to the Padda Declaration.

17                      **2.        Reasonableness of Hourly Rates**

18          The reasonableness of the hourly rates is "calculated according to the prevailing market

19  rates in the relevant community."  *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984).  *Camacho,* 523

20  F.3d at 979 ("Generally, when determining a reasonable hourly rate, the relevant community is

21  the forum in which the district court sits.").  The requested rates need only be reasonable given

22  the forum market or market where the attorneys practice.  *See Ilick v. Miller*, 68 F. Supp. 2d

23  1169, 1175 (D. Nev. 1999) (awarding Washington D.C. rates to Washington D.C.-based

24  attorneys for litigating in Nevada).  Although not dispositive, "that a lawyer charges a particular

25  _____

[3] Yuneec notes that it has deducted all hours and fees relating to obtaining the default, moving
26  for default judgement and opposing the motion to set aside the default from the claims here.  The
    Court has already ordered the reimbursement of those fees and SMG has made said payment.
27  Further, in good faith, Yuneec has also excluded from this calculation fees relating to the
    opposed motion to stay proceeding pending the resolution of the set aside and the motion for
28  attorneys' fees, relating to the default.  (Hahn Decl., ¶ 17.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-13-

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002                                              18-cv-00388

1    hourly rate, and gets it, is evidence bearing on what the market rate is." *Carson v. Billings*

2    *Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006).

3        Here, the instant case is a copyright matter requiring the experience and expertise of

4    copyright counsel. Though the Court noted that the rates charged by "Yuneec's less-experienced

5    counsel are higher than the rates charged by similar lawyers in this district" it went on to

6    recognize in accepting the rates of Yuneec's counsel that "given the nature of this lawsuit, higher

7    rates would typically be charged of this type of work." (ECF No. 53 at 1-2.) This acceptance by

8    the Court of Yuneec's counsel's rates is now law of the case. The District Court may also rely

9    on its own familiarity with the rates in the community to analyze those sought in the pending

10    case. *See Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). This District Court has

11    awarded rates from $300-750 an hour as "reasonable and consistent" with the forum rates. *See*

12    *Crew-Jones v. State Farm Mut. Auto. Ins. Co.*, No. 2:11-cv00203-GMN, 2012 WL 1947967, at

13    *2 (D. Nev. May 30, 2012); *Liberty Media Holdings, LLC v. FF Magnat Ltd.*, No. 2:12-

14    CV01057-GMN, 2012 WL 3834744, at *5 (D. Nev. Sept. 4, 2012); *San Fernando Lenders, LLC*

15    *v. Compass USA SPE LLC (In re United States Commer. Mortg. Co.)*, No. 2:07-CV-892-RCJ-

16    GWF-BASE, 2013 U.S. Dist. LEXIS 108183, at *55 (D. Nev. July 30, 2013); *Marrocco v. Hill*,

17    291 F.R.D. 586, 589 (D. Nev. 2013); and M*ayweather v. Wine Bistro*, No. 2:13-cv-210-JAD-

18    VCF, 2014 WL 6882300, at *10 (D. Nev. Dec. 4, 2014).

19        As accepted by the Court in its prior Order granting attorneys' fees, Yuneec's counsel are

20    well qualified as "skilled professionals with significant experience." (ECF No. 53 at 2.) Further

21    details on the qualifications of each attorney who worked on this matter are included for the

22    Court's review. (*See* Hahn Decl. ¶¶7-13; Padda Decl. ¶¶3-5.) Given the nature of this case and

23    Yuneec's counsel's copyright expertise, counsel's rates are reasonable given the prevailing case

24    law. (Hahn Decl., ¶23.) Therefore, not only are counsel's rates reasonable for a California

25    attorney, but they are reasonable for a Nevada attorney as well.[4]

26

27    ---

[4] Indeed, counsel's rates are on the lower end of the spectrum for California attorneys. *See also*
*Nitsch v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 U.S. Dist. LEXIS

28    86124, at *9 (N.D. Cal. June 5, 2017) (between $870 and $1,200 per hour for the three most
senior attorneys on the case "who are highly-respected members of the bar with extensive

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4831-0035-9887v9/104119-0002                                  18-cv-00388

**3.     This Fee Request Is Confirmed By The Kerr Factors and Local Rule 54-14.**

Based on Yuneec's total of 357.15 expended hours, between lead and local counsel, and a range of billing rates from $275-825/hr depending on the seniority and experience of the billing attorney, Yuneec's loadstar fees total $195,491.20.  The District Court may adjust the lodestar up or down based on the Kerr factors.[5] The District Court may consider the following Kerr factors when determining the reasonableness of the monetary figure produced by the prevailing party: (1) time and labor required by the case; (2) novelty and difficulty of the questions involved; (3) skill required to perform the legal service properly; (4) preclusion of employment by the attorney due to acceptance of the case; (5) customary fee; (6) whether fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of attorneys; (10) desirability of the case; (11) nature and length of professional relationship with client; and (12) awards in similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976) (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)).  These factors are also enumerated in Local Rule 54-14(b)(3).  An analysis of these discretionary modifying factors supports either an upward adjustment or no adjustment at all.

---

experience prosecuting high-stakes complex litigation" was fair and reasonable); *Wynn v. Chanos*, No. 14-CV-04329-WHO, 2015 U.S. Dist. LEXIS 80062, at *2 (N.D. Cal. June 19, 2015) (finding hourly rates of $1,035/$1,085 and $875/$$920 for partners and $570/640 for associates with four years of experience, while on the high end of the spectrum, are reasonable rates for attorneys in the Bay Area); *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (finding rates for "Cooley timekeepers at hourly rates ranging from $355 to $1,095 per hour for partners and associates,. . . while high, are within the prevailing market rates for similar cases in the Northern District" of California).

[5] The Nevada Supreme Court in *Brunzell v. Golden Gate National Bank*, 455 P.2d 31, 33 (Nev. 1969) also adopted its own set of four factors to be given consideration by the trier of fact in assessing the reasonable value of an attorney's services.  However, as there is significant overlap between these methods of assessment, we do not undertake a separate analysis of the *Brunzell* factors.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-15-

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002

18-cv-00388

1
      **a.    The results obtained and the amount involved (Local Rule 54-**

2
      **14(b)(3)(A))**

3
     The Court's granting of Yuneec's motion for summary judgment was dispositive of

4
SMG's claims of copyright infringement and contributory copyright infringement.  (ECF No.

5
76.) SMG stated that it believed that its claims were valued "in excess of several million dollars"

6
and was seeking those damages from Yuneec.  (*Id.*)

7
      **b.    The time and labor required (Local Rule 54-14(b)(3)(B))**

8
     A detailed itemization of the time spent, each professional's billing rate, and the matters

9
involved are attached hereto to the Declarations of Douglas Q. Hahn and Paul S. Padda.

10
      **c.    The novelty and difficulty of the questions involved (Local**

11
      **Rule 54-14(b)(3)(C))**

12
     This was not an ordinary case.  As it is focused primarily on the issues of copyright

13
infringement and licensing, counsel with special skills and copyright experience are required.

14
(Hahn Decl. at ¶28.)  Further, the track this matter took and the issues raised herein were not

15
standard even amongst copyright cases.  (*Id.* at ¶16.)  Yuneec's counsel was forced to engage in

16
niche areas of the law, statutory interpretation and the related risk assessment.  All of this

17
required the undertaking of additional work to support the adopted strategies.  (*Id.*)

18
      **d.    The skill requisite to perform the legal service properly (Local**

19
      **Rule 54-14(b)(3)(D))**

20
     Stradling's attorneys are well-respected both in California and nationally.  (*Id.* at ¶14.)

21
Stradling has brought and defended complex intellectual property litigation in numerous

22
jurisdictions around the country.  (*Id.*)  As explained, the attorneys assigned to this matter have

23
stellar academic credentials and have a wide array of experience.  (*Id.* at ¶¶7-13.)

24
      **e.    The preclusion of other employment by the attorney due to**

25
      **acceptance of the case (Local Rule 54-14(b)(3)(E))**

26
     Counsel was not precluded from taking additional employment due to acceptance of the

27
case.  (*Id.* at ¶24.)

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-16-

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002

18-cv-00388

1

### f. The customary fee (Local Rule 54-14(b)(3)(F))

2  Stradling attorney rates are Stradling's standard hourly rates, set based on the nature and

3 extent of their professional experience and the number of years of practice. (*See id.* at ¶¶ 7-13,

4 21, Ex. A.) Stradling periodically reviews prevailing hourly rates in the legal community of

5 firms roughly comparable in size and having attorneys of similar skill, experience, and standing

6 and takes this review into account when setting the firm's hourly rates. (*Id.*) The hourly rates

7 listed are comparable to rates charged by Orange County-area lawyers based on practicing in this

8 market. (*Id.*) The rates counsel is requesting for work on this case are reasonable and

9 appropriate for lawyers of similar experience, reputation and skill. (*Id.*)

10
### g. Whether the fee is fixed or contingent Local Rule 54-
11
### 14(b)(3)(G)

12  Counsel's hourly rates are fixed. (*Id.* at ¶19.)

13
### h. The time limitations imposed by the client or the circumstances
14
### Local Rule 54-14(b)(3)(H)

15  There were no time limitations imposed by the client or the circumstances. (*Id.* at ¶ 25.)

16
### i. The experience, reputation, and ability of the attorney(s).
17
### Local Rule 54-14(b)(3)(I).

18  Stradling's attorneys are well-respected both in California and nationally. (*Id.* at ¶14.)

19 Stradling has brought and defended complex intellectual property litigation in numerous

20 jurisdictions around the country. (*Id.*) The attorneys working on this matter focus and specialize

21 in intellectual property litigation, particularly given that this is a copyright matter. (*Id.* at ¶¶7-13,

22 28.)

23
### j. The undesirability of the case, if any Local Rule 54-14(b)(3)(J)

24  This case would not be characterized as undesirable. (*Id.* at ¶ 26.)

25
### k. The nature and length of the professional relationship with the
26
### client Local Rule 54-14(b)(3)(K)

27  Stradling has represented Yuneec for several years in both intellectual property matters

28 and general corporate matters. (*Id.* at ¶27.)

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-17-

YUNEEC'S MOTION FOR ATTORNEYS' FEES

4831-0035-9887v9/104119-0002

18-cv-00388

1

l.        **Awards in similar cases Local Rule 54-14(b)(3)(L)**

2        This last year, this District Court awarded over $110,000 in fees and costs incurred

3    pursuant to §505 of the Copyright Act where Defendants were the prevailing party in a copyright

4    infringement action.  *Int'l Inst. of Mgmt.*, 2019 U.S. Dist. LEXIS 186907, at *18-20.  This is but

5    one matter where courts awarded over $100,000 in fees following a defendant's successful

6    efforts to secure judgment dismissing plaintiff's claims.  *See, e.g.*, *Starbuzz Tobacco, Inc. v. Gold*

7    *Star Tobacco, Inc.*, SACV 19-408 JVS (DFMx), 2020 U.S. Dist. LEXIS 103309, at *14 (C.D.

8    Cal. Apr. 16, 2020) (awarding $456,162.75 in fees); *Shame on You Prods. v. Banks*, CV 14-

9    03512-MMM (JCx), 2016 U.S. Dist. LEXIS 195690, at *65 (C.D. Cal. Aug. 15, 2016) (awarding

10    $315,669.75 in fees).

11        Therefore, the amount requested here is within the scope of reasonableness contemplated

12    by the District Court for work similar to that performed here.

13    **IV.    CONCLUSION**

14        In conclusion, Yuneec seeks attorneys' fees in the amount of $195,491.20 and $2,146.43

15    in costs under 17 U.S.C. §505 for having defeated Plaintiff's copyright infringement claims.

16    This sum is inclusive of its fees incurred from both lead and local counsel.

17

18    DATED:  October 26, 2020            STRADLING YOCCA CARLSON &
                                          RAUTH, A PROFESSIONAL
19                                        CORPORATION

20                                        By:    */s/ Douglas Q. Hahn*
21                                               Douglas Q. Hahn
                                                 (admitted *pro hac vice*)
22
                                                 Attorneys for Defendant /
23                                               Counterclaim-Plaintiff
                                                 Yuneec USA, Inc.

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-18-