# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SUNDANCE MEDIA GROUP, LLC, | Case No.: 2:18-cv-00388-APG-BNW |
| Plaintiff | **Order Requiring Defendant to Produce Redacted Invoices** |
| v. | |
| YUNEEC USA, INC., | |
| Defendant | |

Defendant Yuneec USA, Inc. moves for an award of its attorneys' fees and costs. ECF No. 78. I intend to grant that request in some amount. But Yuneec has denied plaintiff Sundance Media Group, LLC a meaningful opportunity to review the fee request because Yuneec provided Sundance heavily redacted invoices. I thus defer ruling on the motion until Yuneec revises its redactions.

Yuneec attached to its fee motion redacted copies of its counsel's invoices. The redactions delete all descriptions of the work performed for every time entry. Although Yuneec submitted unredacted versions for *in camera* review, it gave Sundance only the redacted versions. Thus it is impossible for Sundance to evaluate whether the work performed and hours charged were reasonable. Redacting time entries is appropriate to protect an attorney's work product and to preserve an attorney-client privileged communication. But when a party seeks to recover fees, it must disclose enough information for the court and opposing party to evaluate the propriety of the request. *United States ex rel. Cretney-Tsosie v. Creekside Hospice II, LLC*, No. 2:13-cv-00167-APG-PAL, 2018 WL 4409367, at *4 (D. Nev. Sept. 17, 2018).

Having reviewed Yuneec's unredacted invoices, I find that few of Yuneec's time entries should be redacted. Entries such as "engage in meet and confer conference with opposing

counsel" and "review complaint to determine what media was subject to the copyright claim" do not reveal privileged communications or work product. Proper redactions might say "confer with client about [REDACTED]" or "research and analyze caselaw in support of [REDACTED]." Yuneec's redactions make it impossible for Sundance to evaluate and object to Yuneec's fee request. I thus will require Yuneec to provide Sundance revised redactions that disclose more detail about its counsel's time entries. I also will allow Sundance to file a supplemental objection, if it has any, limited to the specifics of the time entries.

      I THEREFORE ORDER defendant Yuneec USA, Inc. to file and serve upon plaintiff Sundance revised redactions to its invoices by January 15, 2021. After Sundance has had a reasonable time to review those invoices, the parties shall confer to attempt to reach an agreement on an appropriate fee award. Sundance may file an objection to the fee request—limited solely to the time entries—within 14 days of receipt of the revised redactions. Yuneec may reply to that objection within 14 days of the filing of the objection.

      DATED this 29th day of December, 2020.

                                                          ANDREW P. GORDON
                                                          UNITED STATES DISTRICT JUDGE