UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUNDANCE MEDIA GROUP, LLC,<br><br>  Plaintiff<br><br>v.<br><br>YUNEEC USA, INC.,<br><br>  Defendant | Case No.: 2:18-cv-00388-APG-BNW<br><br>**Order Granting in Part Defendant's Motion for Attorneys' Fees**<br><br>[ECF No. 78] |

I previously granted summary judgment in favor of defendant Yuneec USA, Inc. on the claims asserted against it by plaintiff Sundance Media Group, LLC. ECF No. 76.  Yuneec now moves for an award of its attorneys' fees and costs. ECF No. 78.

**Attorneys' Fees**

I have discretion to award attorneys' fees to Yuneec as the prevailing party on Sundance's copyright claims. 17 U.S.C. § 505.  In exercising that discretion, I should consider at least the following factors: "the degree of success obtained . . . ; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994).  And I "should keep in mind the purposes of the Copyright Act (to promote creativity for the public good) and apply the factors in an evenhanded manner to prevailing plaintiffs and prevailing defendants alike." *Id.*  With regard to this case, a "successful defense furthers the purposes of the Copyright Act just as much as a successful infringement suit does." *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1043 (9th Cir. 2014), *as amended* (July 9, 2014).

Yuneec obviously succeeded by prevailing on summary judgment on both of Sundance's copyright claims. Sundance did not produce copies of the allegedly protected photographs until six months after discovery closed. I previously ruled that Sundance is

> at fault for its failure to disclose information fundamental to its infringement claims that it had before it even filed suit. Yet it did not disclose the photographs in discovery, did not disclose them even after Yuneec pointed out this defect at summary judgment, and waited until its reply brief to finally produce them.

ECF No. 76 at 5. Sundance failed to timely produce evidence of an infringement and failed to show it is entitled to damages as a result of Yuneec's actions. Sundance's claims had "numerous fatal defects," as pointed out in my summary judgment order. *Id.* at 6-9. Yuneec was forced to incur significant attorneys' fees defending against Sundance's unsupported claims. Sundance had many opportunities to resolve this lawsuit and save the parties' and the court's resources. The Copyright Act does not countenance Sundance's actions. Rather, it favors awarding fees to Yuneec, to avoid the unfairness of the hefty financial burden caused by this litigation.

When determining a reasonable fee award, I "first calculate the lodestar by multiplying the number of hours reasonably expended . . . by [the] reasonable hourly rate." *Carter v. Caleb Brett LLC*, 757 F.3d 866, 868 (9th Cir. 2014) (quotation omitted). Yuneec contends that the lodestar should be $193,398.70,[1] calculated by multiplying the number of hours worked by the hourly rates charged by Yuneec's lawyers. I previously found that the rates charged by Yuneec's less-experienced counsel are higher than the rates charged by similar lawyers in this district, but the nature of this lawsuit permitted those higher rates. ECF No. 53 at 2-3. Yuneec's counsel

---

[1] Yuneec originally requested $195,491.20 in fees, but subsequently reduced that by $2,092.50 after Sundance pointed out an administrative error by Yuneec's counsel. *See* ECF No. 91 at 4 n.1.

properly staffed the necessary tasks with the appropriate-level lawyers. It does not appear that counsel billed more hours than necessary to perform the work.

Sundance complains that Yuneec's local counsel billed to review the work of out-of-state counsel. But that is one of the jobs of local counsel. Local counsel is to ensure that the Local Rules are complied with. That requires local counsel to at least review the papers prepared by out-of-state counsel. In this case, local counsel's charges are appropriate.

I set the lodestar at $193,398.70.

Once calculated, the lodestar is presumptively reasonable. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987). Only in "rare and exceptional cases" should a court adjust the lodestar figure. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) (internal quotations omitted); *see also Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 n.4 (9th Cir. 2000) (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

I have evaluated that lodestar based on the factors set forth in *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969),[2] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975),[3] and Local Rule 54-14(a)(3). As I previously held, Yuneec's lawyers are skilled

---

[2] Those factors are "(1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill; (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation; (3) the work actually performed by the lawyer: the skill, time and attention given to the work; (4) the result: whether the attorney was successful and what benefits were derived." 455 P.2d at 33 (citation omitted).

[3] Those factors are: "(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation,

professionals with significant experience and this case involved sophisticated legal issues. ECF No. 53 at 2. Counsel's efforts were obviously successful as they prevailed on a motion for summary judgment. The *Brunzell* and *Kerr* factors confirm the lodestar I have calculated. I award Yuneec $193,398.70 in attorneys' fees.

**Costs**

Yuneec also seeks $2,146.43 in costs. ECF No. 78 at 24. I have discretion to award costs to Yuneec as the prevailing party. 17 U.S.C. § 505.

Federal Rule of Civil Procedure 54(d) contains two provisions for costs. To recover taxable costs, the prevailing party must file a bill of costs with the clerk. Fed. R. Civ. P. 54(d)(1); *see also* LR 54-1 (rule regarding bill of costs). Taxable costs are taxed by the clerk rather than the court. Fed. R. Civ. P. 54(d)(1); LR 54-1. The categories of taxable costs are identified in 28 U.S.C. § 1920 and Local Rules 54-1 through 54-13. For example, filing fees, service of process expenses, and some copying costs are taxable.

By contrast, nontaxable expenses are recoverable on a motion to the court, as part of the motion for fees. Fed. R. Civ. P. 54(d)(2) ("claim for attorney's fees and related nontaxable expenses"); *see also* LR 54-14(b)(2) (A motion for attorney's fees must include "[a]n itemization of all costs sought to be charged as part of the fee award and not otherwise taxable pursuant to LR 54-1 through 54-13."). Postage, computer research, and some copying expenses are nontaxable costs. *See* LR 54-6 (explaining which copying costs are taxable and which are not); LR 54-11 (listing costs that are not ordinarily allowed).

---

and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases." 526 F.2d at 70.

Yuneec's request for court fees is properly addressed through a bill of costs filed with the clerk under Local Rule 54-1. Yuneec's request for nontaxable expenses (e.g., "duplication" and "Fed Ex") does not adequately itemize, identify, or describe those expenses and their purposes as required by the Local Rules. I therefore deny Yuneec's request for reimbursement of its costs.

**Conclusion**

I THEREFORE ORDER that defendant Yuneec USA, Inc.'s motion for attorneys' fees and costs **(ECF No. 78) is GRANTED IN PART**. Yuneec is awarded $193,398.70 in fees and no costs against plaintiff Sundance. The clerk of court is ordered to enter judgment accordingly.

I FURTHER ORDER Yuneec to either dismiss its remaining counterclaim, or file a status report on how it intends to prosecute it, by March 3, 2021.[4]

DATED this 17th day of February, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[4] Yuneec previously stated that "following the resolution of Yuneec's motion for attorneys' fees (ECF No. 78), Yuneec intends to and shall seek the Court's assistance to dismiss its remaining counterclaims." ECF No. 81 at 2.