UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SUNDANCE MEDIA GROUP, LLC,<br><br>　　Plaintiff<br><br>v.<br><br>YUNEEC USA, INC.,<br><br>　　Defendant | Case No.: 2:18-cv-00388-APG-BNW<br><br>**Order Denying Motion for Reconsideration and Motion to Strike**<br><br>[ECF No. 103, 108] |

　　I previously awarded attorneys' fees to defendant Yuneec USA, Inc. ECF No. 92. Plaintiff Sundance Media Group, LLC now moves for reconsideration of that award and the judgment that includes it. ECF No. 103.

　　Reconsideration is permitted under Rule 59(e) of the Federal Rules of Civil Procedure. But reconsideration is "an extraordinary remedy, to be used sparingly and in the interest of finality and conservation of judicial resources." *Kona Enters., Inc., v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citation omitted).  A motion for reconsideration "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." *Id*. (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  A motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier." *Id*. (emphasis in original).

　　In deciding Yuneec's motion for attorneys' fees, I considered the factors deemed relevant by the Ninth Circuit in *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994). *See* ECF No. 92 at 1. Although my heavy caseload precluded me from writing a lengthy explanation of my evaluation

of each of those factors, no Ninth Circuit precedent requires that. However, I discussed some of those factors in my order, including that Sundance's actions were objectively unreasonable. *Id.* at 2. And I specifically noted that the "[t]he Copyright Act does not countenance Sundance's actions. Rather, it favors awarding fees to Yuneec, to avoid the unfairness of the hefty financial burden caused by this litigation." *Id*. Thus, the fee award in this case furthers the purposes of the Copyright Act. I see no reason to reconsider my prior order, so I decline to do so.

Yuneec moves to strike the declaration of Jennifer Pidgen and related exhibits filed in support of the motion for reconsideration. Given my decision on the motion for reconsideration, I deny the motion to strike as moot.

I THEREFORE ORDER that plaintiff Sundance Media Group, LLC's motion for reconsideration **(ECF No. 103) is denied**.

I FURTHER ORDER that defendant Yuneec USA, Inc.'s motion to strike **(ECF No. 108) is denied**.

DATED this 12th day of April, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE